UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ERIN GURSSLIN,

                      Plaintiff,

vs.

THE CITY OF ROCHESTER, a municipal entity,
POLICE OFFICER JEREMY NELLIST, POLICE
OFFICER JOSHUA KELLY, COMMANDER FABIAN
RIVERA, LIEUTENANT AARON SPRINGER,

                      Defendants.

ANSWER

Case No. 20-cv-6508

Jury Trial Demanded

    Defendants, by their attorney Timothy R. Curtin, Esq., Corporation Counsel, Patrick Beath, Esq., of counsel, answer the Complaint as follows:

    1.    Admit the allegations contained in paragraphs 24, 25, 42, 50, 110, 135, 185 and 198 of the Complaint.

    2.    Deny the allegations contained in paragraphs 2, 4, 5, 6, 15, 16, 17, 18, 19, 20, 21, 22, 37, 38, 43, 45, 47, 48, 49, 51, 52, 53, 54, 55, 56, 57, 58, 59, 65, 66, 67, 68, 69, 70, 73, 74, 76, 77, 78, 80, 82, 83, 84, 86, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 108, 109, 111, 112, 113, 114, 115, 116, 117, 123, 124, 125, 127, 128, 129, 130, 131, 132, 133, 134, 136, 138, 139, 140, 141, 142, 143, 144, 145, 145, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 186, 190, 191, 192, 193, 194, 195, 196, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214, 215, 219, 220 of 221 of the Complaint.

    3.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 7, 8, 9, 10, 11, 13, 14, 27, 31, 32, 33, 34, 35, 36, 39, 40, 46,

60, 61, 62, 63, 64, 71, 72, 75, 79, 81, 85, 87, 118, 119, 120, 121, 122, 126, 146, 147, 187, 188, 189 and 203 of the Complaint.

4. Deny the allegations contained in paragraphs 1, 23, 26, 30, 107, 184, 197 and 216 of the Complaint, except admit that plaintiff purports to proceed as stated therein.

5. Deny the allegations contained in paragraphs 3 and 41 of the Complaint, except admit that a search warrant was executed at 1771 St. Paul Street on the morning of September 6, 2018

6. Deny the allegations contained in paragraph 12 of the Complaint, except admit that the dog was shot after aggressively charging at police.

7. Deny the allegations contained in paragraph 28 of the Complaint, except admit that the City of Rochester is a municipal corporation.

8. Deny the allegations contained in paragraph 29 of the Complaint, except admit that defendants Nellist, Kelly, Rivera and Springer were employees of the City of Rochester at the time of the September 6, 2018 incident alleged in the complaint.

9. Deny the allegations contained in paragraph 44 of the Complaint, except admit that a pre-execution briefing was conducted on the morning of September 6, 2018.

10. Deny the allegations contained in paragraph 137 of the Complaint, except admit that the City provides guidance on its website to residents and dog owners aimed at reducing the incidence of dog bites in the City of Rochester.

11. The allegations contained in paragraphs 199, 200, 201, 202, 204, 217 and 218 set forth conclusions of law, rather than averments of fact, to which no response is required.

## FIRST AFFIRMATIVE DEFENSE

12. The Complaint fails to state a claim for relief.

SECOND AFFIRMATIVE DEFENSE

13. Defendants Nellist, Kelly, Rivera and Springer acted in an objectively reasonable manner and did not violate a clearly established federal right of which a reasonable officer would have known. As such, these defendants are entitled to qualified immunity.

THIRD AFFIRMATIVE DEFENSE

14. None of the individual defendants—Nellist, Kelly, Rivera or Springer—is a City policy maker.

FOURTH AFFIRMATIVE DEFENSE

15. Punitive damages are not available against the City of Rochester.

FIFTH AFFIRMATIVE DEFENSE

16. Plaintiff's compensatory damages related to the death of her pet dog are limited to the economic value of the dog.

SIXTH AFFIRMATIVE DEFENSE

17. Plaintiff has failed to mitigate her damages.

SEVENTH AFFIRMATIVE DEFENSE

18. The actions of the defendants were at all times objectively reasonable and sound under the 4th Amendment.

EIGHTH AFFIRMATIVE DEFENSE

19. None of plaintiff's alleged injuries were proximately caused by any act or omission of the defendants.

**WHEREFORE**, defendant demands judgment dismissing plaintiff's Complaint, together with the costs and disbursements of this action and such other and further relief as may be just and proper.

DATED: August 24, 2020　　　　　　　　TIMOTHY R. CURTIN
　　　　　　　　　　　　　　　　　　　　CORPORATION COUNSEL

　　　　　　　　　　　　　　　　　　　　　　/S/Patrick Beath
　　　　　　　　　　　　　　　　　BY:　PATRICK BEATH, ESQ, of Counsel
　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants*
　　　　　　　　　　　　　　　　　　　　City Hall Room 400A, 30 Church Street
　　　　　　　　　　　　　　　　　　　　Rochester, New York 14614
　　　　　　　　　　　　　　　　　　　　(585) 428-6812

To:　ROTH & ROTH, LLP
　　　Elliot D. Shields
　　　*Counsel for Plaintiff*
　　　192 Lexington Avenue, Suite 802
　　　New York, New York 10016
　　　(212) 425-1020