UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ERIN GURSSLIN,

                                    Plaintiff,

vs.

                                    Case No. 20-cv-6508

THE CITY OF ROCHESTER, a municipal entity,
POLICE OFFICER JEREMY NELLIST, POLICE
OFFICER JOSHUA KELLY, COMMANDER FABIAN
RIVERA, LIEUTENANT AARON SPRINGER,

                                    Defendants.

---

## DEFENDANTS' OPPOSITION
## TO PLAINTIFF'S MOTION FOR AN ADDITIONAL EXTENSION
## OF ALL FACT DISCOVERY

The Court should extend discovery <u>for depositions only</u> consistent with the parties' agreement. There is little reason—which does not rise to good cause—to extend all fact discovery in this matter when Plaintiff has procrastinated for more than two years.

**I.    THE COURT SHOULD EXTEND DISCOVERY FOR DEPOSITIONS ONLY, BECAUSE PLAINTIFF HAS NOT DEMONSTRATED "GOOD CAUSE" TO WARRANT EXTENDING ALL FACT DISCOVERY AND OTHER REASONS COUNSEL AGAINST IT.**

    **A.    Plaintiff has not been diligent in seeking documents or scheduling depositions.**

"A schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). Good cause depends principally on the diligence of the moving party. *Smith v. Bradt*, 329 F.R.D. 500 (W.D.N.Y. 2019), citing *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340, 41 (2d Cir.

2000). While courts may consider other factors,[1] a failure of the moving party to be diligent precludes amending a scheduling order. *Smith*, 329 F.R.D. at 504-505.

Plaintiff has not been diligent in seeking these records. Plaintiff provided correspondence with Defendants—all from 2021—regarding allegedly deficient interrogatories. ECF 36-13. The undersigned appeared in this case in December 2021—after these communications—and Plaintiff failed to raise them in any intervening Meet and Confer. (See e.g., ECF 36-20 summarizing meet and confers on May 3 and May 5, 2022; ECF 36-26, pg. 3 referencing meet and confer on August 5.) Furthermore, Following a July 20 Conference, the Court "direct[ed]" Plaintiff to move to compel these documents by August 19, 2022, and further stated that discovery would be extended *for depositions only* after the Court decided the motion. ECF 28. Yes, the parties requested a stay of discovery on August 18 [ECF 29], but this did not prevent Plaintiff from complying with the Court's order *during the prior month* or in the days immediately after the Court lifted the stay and issued a new scheduling order. ECF 32.

Plaintiff, moreover, has not been diligent in scheduling depositions. Plaintiff declined to notice depositions of the parties and cancelled Officer Springer's May 3 deposition (eight days after scheduling it). Jones Declaration, ¶ 5. The parties would not have a tentative schedule for depositions if Defendants had not sought a joint letter regarding extending discovery for depositions. Jones Declaration, ¶ 9; Exhibit A.

Plaintiff also failed to communicate diligently regarding any perceived deficiencies. After Defendants' counsel explained she not have time to meet that week and proposed communicating via email, Plaintiff's counsel never replied. ECF 36-26.

Given Plaintiff's lack of diligence, all of fact discovery should not be extended as she requests.

---

[1] Plaintiff references these six factors in her Memorandum of Law. ECF 36-1, pg. 22-24.

**B. The parties need only a fixed time to conduct outstanding depositions that have already been noticed or subpoenaed.**

The parties need a limited extension—solely to conduct depositions that have been noticed or subpoenaed[2].

On Monday, October 31, Defendants' counsel proposed a joint letter to Plaintiff's counsel requesting the Court extend discovery for the purposes of depositions. Exhibit A.[3] Defendants' counsel understood the parties to be in agreement on this matter, because Plaintiff's counsel did not oppose the attached letter and the parties communicated *throughout the week* to schedule outstanding depositions, so that a date certain could be included in the discovery request to the Court. Exhibit B[4] and C[5].

Through these fifteen some-odd emails, the parties scheduled six outstanding depositions: Rochester Police Department ("RPD") Officer McClellan on November 8; RPD Officer Kent on November 8 (and/or November 9 if necessary);[6] RPD Sergeant Kelly on November 29, 2022; RPD

---

[2] Defendants reserve their right to decline depositions that have not been properly noticed, pursuant to Fed. R. Civ. P. 30(b), or otherwise subpoenaed.

[3] That same day, the (parties') attorneys also spoke about Defendants' proposed letter to extend discovery for the purpose of depositions and the need to schedule them. Plaintiff's counsel did not raise a need to obtain productions prior to conducting these depositions.

[4] Throughout the week of Monday, October 31 through Friday, November 4, parties' counsel exchanged over fifteen emails regarding scheduling depositions. See Exhibits B and C (as counsel had two email chains with the same subject line).

[5] Particularly, on Thursday, November 3, Plaintiff's attorney asked to figure out the discovery extension by the following day. Defendants' counsel replied that she planned as much and explained her efforts to schedule depositions. See Exhibit C, pg. 3 (emails at 10:32am and 12:01pm).

[6] On November 7, Plaintiff's counsel requested to reschedule the Kent and McClellean depositions—albeit to depose an officer in *Anniszkiewicz* that counsel planned to depose the previous day. The morning deposition went longer than expected.

Officer Nellist on November 30; Plaintiff Erin Gursslin on December 13; and former RPD Commander Rivera on December 19.

On Friday, November 4, Plaintiff's counsel unexpectedly declined (Exhibit C, pg. 1, Email at 6:10pm) to consent to the revised letter request for an extension (Exhibit D, pg. 2),[7] purportedly because paper discovery issues have not been resolved[8]—a concern that Plaintiff's counsel declined to raise while the parties scheduled depositions the prior week or completed discovery the month before.

Because Defendants relied on Plaintiff's counsel's communication when they rescheduled Plaintiff's deposition to December 13, Defendants respectfully request that discovery be extended for the purpose of noticed or subpoenaed depositions. Defendants, moreover, urge the Court to order this tacit agreement between counsel and permit the parties until January 15 to complete depositions only.

**C.** **Plaintiff does not need time to consider or depose these witnesses, as she has known about them for over a year and has noticed a 30(b)(6) witness to speak to the same incidents.**

It is unnecessary to provide Plaintiff more time to consider or depose witnesses identified in the Rule 26 Supplemental Disclosures, because she has opted to depose a Rule 30(b)(6) witness regarding these incidents instead of the police officers identified in Defendants' productions.

As referenced in the parties' request for a stay of discovery (ECF 29), this matter is one of four cases involving the shooting of companion animal: *Dempsey v. City of Rochester* (19-cv-6780)(EAW)(MWP); *Anniszkiewicz v. City of Rochester et al* (20-cv-6629)(FPG)(MWP); *Cox v. City of Rochester* et al (22-cv-6207)(FPG)(MJP); and this matter, *Gursslin v. City of Rochester* (20-cv-6508)(FPG)(MWP). The parties initially agreed that the *Monell* discovery would proceed through

---

[7] Email and attached revised letter enclosed as Exhibit D.
[8] See Plaintiff's counsel's response on page 1 of Exhibit C (email at 6:10pm).

*Dempsey*, but later agreed that *Monell* discovery from any four of the cases could be used in any of the other cases. Exhibit E, Stipulated Protective Order in *Dempsey* (19-cv-6780), ¶ 7.2.

On July 5, 2022, Plaintiff noticed (in *Dempsey*) a Rule 30(b)(6) motion on the City of Rochester and included "[e]very dog shooting incident from January 1, 2013" as one of the topics. Exhibit F, no. 5. Plaintiff seeks a 30(b)(6) witness to be familiar with a voluminous amount of detail—in addition to policy and practice.[10] Therefore, as a precaution, Defendants included *as possible witnesses* each officer who has shot his/her firearm at a pet dog since 2016 and the supervisor who wrote the Incident Report about the firearm discharge, in case Defendants wish to supplement the 30(b)(6) witness testimony at trial with the firsthand experience of the involved officer, especially since this single 30(b)(6) testimony will apply to four dog cases.[13] These witnesses, and the reports that they wrote, were disclosed to plaintiff over a year ago in September of 2021 in response to plaintiff's discovery requests in the *Dempsey* matter—any claim of surprise by plaintiff is feigned.

While Defendants could have provided a more detailed explanation of the possible testimony subject matter, the officers listed in the Rule 26 Supplemental Disclosures are not new to Plaintiff and she should not be provided additional time to reconsider whether to depose them. Defendants produced all incident reports from 2016 to present[14] regarding firearm discharges at dogs *in September 2021*. Defendants simply extracted the names of involved officers and supervisors and included them as possible witnesses. Plaintiff has been able to identify these officers since September 2021, and has in

---

[10] The parties were unable to negotiate a narrowed/targeted scope for the 30(b)(6) deposition in a subsequent meet and confer. Jones Declaration, ¶ 6.

[13] In addition to the overlap of the testimony of the 30(b)(6) witnesses and these officer-witness, it is unlikely that Plaintiff would actually depose any of the officers, given she has yet to hold any of the depositions that have been noticed.

[14] Defendants supplemented their first production after additional incidents occurred in the intervening timeframe.

fact used those incident reports to request additional information about specific officers—such as when she requested documents regarding officers who have been involved in multiple unrelated dog-shooting incidents, as recently as July 2022. Jones Declaration, ¶ 7; ECF 36-27, RFPs nos. 4-10. Plaintiff did not, however, serve a subpoena or notice of deposition for any of the officers identified in the produced Incident Reports—and should not be given an opportunity to reconsider that decision now that Defendants have indicated they might use them as witnesses at trial.

> D. **Plaintiff's request for time for *additional* paper discovery should be rejected and this matter should move toward trial.**

Defendants seek to move this matter forward. This matter was filed on July 15, 2020 (ECF 1) and after the parties could not settle them earlier this year, Plaintiff's counsel agreed that these cases need to proceed to trial. Exhibit G. And Plaintiff asks for additional time for paper discovery—even though discovery has already been extended at least twice. ECF 24 (Second Amended Scheduling Order in February 2022); ECF 27 (Amended Scheduling Order in June 2022).

To be clear, Plaintiff desires more than just the items in her motion. Plaintiff sent *another* Request for Production and Set of Interrogatories on Monday, November 7 (Exhibits H and I), in hopes that all fact discovery would be extended for thirty days so that Defendants would be obligated to respond. Defendants would certainly prejudiced by yet another request while they are attempting to hold depositions in this matter and proceed towards trial.

> E. **Plaintiff does not need time to craft a "reasonable 30(b)(6) notice or review these documents prior to depositions.**

In her motion, Plaintiff claimed that she needs additional paper discovery "prior to conducting defendants' depositions, and to craft a proper Rule 30(b)(6) depositions notice." Memo of Law in Support of Motion to Compel ("Compel MOL"), ECF 36-1, pg. 4. Plaintiff clearly does not need these documents for a 30(b)(6) Notice, because she sent one the day after filing this motion. Exhibit J. Plaintiff

6

also does not need these documents for depositions, because she has scheduled officers' depositions on multiple occasions when she never had these documents in hand.[16]

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court extend discovery until January 15, 2023, so the parties may hold depositions.

Date: November 9, 2022

LINDA KINGSLEY
CORPORATION COUNSEL

By: _____
Peachie L. Jones, Esq., Of Counsel
*Attorneys for City of Rochester*
30 Church Street, Room 400A
Rochester, NY 14614
(585) 428-7992
Peachie.Jones@CityofRochester.gov

---

[16] Defendants acknowledge that scheduling depositions without having the documents does not necessarily mean that Plaintiff did not need the documents. Plaintiff could have scheduled depositions when she had no real intention of taking them on that date, given the parties ongoing discovery dispute regarding the relevancy of SWAT documents.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ERIN GURSSLIN,

                              Plaintiff,

vs.

THE CITY OF ROCHESTER, a municipal entity,
POLICE OFFICER JEREMY NELLIST, POLICE
OFFICER JOSHUA KELLY, COMMANDER
FABIAN RIVERA, LIEUTENANT AARON
SPRINGER,

                              Defendants.

**DECLARATION OF**
**PEACHIE L. JONES, ESQ.**

Case No. 20-cv-6508

---

Peachie. L. Jones, Esq., declares and says,

    1.    I am a Municipal Attorney for the City of Rochester, admitted to practice law before this court, and represent Defendants City of Rochester, Ethan Paszko, Ryan Castrichini, Domenic Borrelli, and Jeremy Robinson (collectively "Defendants") in this action.

    2.    I submit this Declaration in support of Defendants' Opposition to Plaintiff's Motion for Leave to Amend Pursuant to Rule 15(a)(2).

    3.    The information set forth herein is based upon my personal knowledge, a review of the proceedings in this action, and a review of relevant case law.

    4.    On January 10, 2022, the parties filed a Stipulated Protective Order in *Dempsey v. City of Rochester et al* (19-cv-6780). Exhibit E.

    5.    On March 23, 2022, the parties scheduled a deposition for Aaron Springer for May 3, 2022. On March 30, 2022, Plaintiff's counsel requested to reschedule it.

    6.    On July 5, 2022, Plaintiff's counsel sent a 30(b)(6) notice to Defendants in *Dempsey v. City of Rochester et al* (19-cv-6780). Exhibit F. The parties discussed the scope of the depositions via email and in a meeting, but were unable to agree to a narrower scope.

7. On July 19, 2022, Plaintiffs sent a second Request for Productions. (See also ECF 36-24.)

8. On September 19, 2022, Plaintiff's counsel said we need to go to trial. (Email attached as Exhibit G.)

9. On Monday, October 31, Defendants' counsel emailed a proposed joint letter to Plaintiff's counsel regarding an extension of discovery for the purposes of depositions, and suggested dates on which to schedule outstanding depositions. (Exhibit A includes the email and the attached letter.)

10. Throughout that week, counsel for both parties emailed back-and-forth in two separate emails chains, in an effort to schedule depositions for Rochester Police Department ("RPD") officers McClellan, Ken, Kelly, Nellist; Plaintiff Erin Gursslin; and former RPD officers Rivera and Springer.

11. The parties have yet to schedule depositions with former RPD Officer Springer, but. (Exhibit B and C contain those email chains.)

12. On Friday (November 4), Defendants' counsel emailed a revised joint letter. (Exhibit D contains the email and attached letter). Plaintiff's counsel designed to consent to it.

13. On Monday, November 7, 2022, Plaintiff sent a third Request for Productions (Exhibit H), Interrogatories (Exhibit I), and a Notice for a Rule 30(b)(6) deposition (Exhibit J).

Dated: November 9, 2022

Peachie L. Jones, Esq.