**Exhibit E**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHARLES DEMPSEY, individually, and L.D. by her father and natural guardian, CHARLES DEMPSEY,
                      Plaintiff,

vs.

THE CITY OF ROCHESTER, a municipal entity, JAVIER ALGARIN, ADAM GORMAN, "JOHN DOE" RPD OFFFICER RESPONSIBLE FOR TRAINING JAVIER ALGARIN,
                      Defendants.

STIPULATED PROTECTIVE ORDER

Case No. 19-CV-6780 (EAW)(MWP)

Plaintiff and Defendants, by their Counsel, having agreed to the following, and for good cause shown, IT IS HEREBY ORDERED as follows:

**1.**     **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action may involve production of confidential or sensitive information for which special protection from public disclosure may be warranted, including but not limited to police personnel records and records of complaints of misconduct made against members of the RPD and internal investigations thereof as well as police policy and training materials addressing law enforcement strategy or tactics. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled, under applicable legal principles, to treatment as confidential.

**2.**     **CONFIDENTIAL INFORMATION**

"Confidential Information" shall mean any information the parties designate as confidential per paragraph 5 of this agreement.

"Confidential Information" does not include information that:

      a. is in the public domain at the time of disclosure;

      b. are obtained by the parties or pursuant to the New York Freedom of Information Law ("FOIL"), or are otherwise publicly available;

      c. becomes part of the public domain through no fault of the Receiving Party (defined below);

      d. the Receiving Party can show was in its lawful possession at the time of disclosure; or

      e. the Receiving Party lawfully receives at a later date from a third party without restriction as to disclosure.

Parties and non-parties may designate any Confidential Information supplied in any form, or any portion thereof, as Protected Material (defined below) for purposes of these proceedings. Such designation shall constitute a representation to the Court that counsel believes in good faith that the information (1) constitutes Confidential Information and (2) that there is good cause for the Confidential Information to be protected from public disclosure. The parties and non-parties shall make a good faith effort to designate information so as to provide the greatest level of disclosure possible, but still preserve confidentiality as appropriate.

**3.** **ADDITIONAL DEFINITIONS**

    3.1. <u>Party:</u> any party to this action, including all of its officers, directors, consultants, retained experts, and outside counsel (and their support staff).

    3.2. <u>Non-party:</u> any individual, corporation, association, or other natural person or entity other than a party.

    3.3. <u>Disclosure or Discovery Material:</u> all items or information, regardless of the

medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

3.4. Protected Material: any Disclosure or Discovery Material that is designated by a Party or Non-party as "confidential" according to paragraphs 1 and 5, unless the Receiving Party challenges the confidentiality designation and (a) the Court decides such material is not entitled to protection as confidential; or (b) the Designating Party withdraws its confidentiality designation in writing.

3.5. Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.6. Producing Party: a Party or Non-party that produces Disclosure or Discovery Material in this action.

3.7. Designating Party: a Party or Non-party that designates information or items that it produces in disclosures or in responses to discovery as Protected Material. The Party or Nonparty designating information or items as Protected Material bears the burden of establishing good cause for the confidentiality of all such information or items.

3.8. Challenging Party: a Party that elects to initiate a challenge to a Designating Party's confidentiality designation.

3.9. Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

3.10. House Counsel: attorneys who are employees of a Party.

3.11. Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

3.12. Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its/her/his counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

3.13. Professional Vendors: persons or entities that provide litigation support services *(e.g.,* photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; *etc.)* and their employees and subcontractors.

**4.   DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5.   DESIGNATING PROTECTED MATERIAL**

5.1.   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-party that designates information or items for protection under this Order must use good faith efforts to limit any such designation to specific material that qualifies under the appropriate legal standards and prevailing case law. A Designating Party must use good faith efforts to designate for protection only those parts of material, documents, items, or oral or written communications that qualify.

If it comes to a Party's or a Non-party's attention that information or items that it designated for protection do not qualify for protection, that Party or Non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2. Manner and Timing of Designations. Except as otherwise provided in this Order *(see, e.g.,* second paragraph of section 6.2(a), below), or as otherwise stipulated or ordered, material

that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

a. <u>For information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the legend "CONFIDENTIAL" at the bottom of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) *(e.g.,* by making appropriate markings in the margins, but not over text).

A Party or Non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed confidential. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" at the bottom of each page that contains Protected Material. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) *(e.g.,* by making appropriate markings in the margins, but not over text).

b. <u>For testimony given in deposition or in other pretrial or trial proceedings,</u> the Party or Non-party offering or sponsoring the testimony must identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that

substantial portions of the testimony may qualify for protection, the Party or Non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be marked by the court reporter as "CONFIDENTIAL" by affixing to the bottom of each such page the legend "CONFIDENTIAL," or by other means available to the court reporter and agreeable to the parties, as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony. If only a portion of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) *(e.g.,* by making appropriate markings in the margins, but not over text).

c. For information produced in some form other than documentary, and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall also identify the protected portions in such a way that does not interfere with the viewing of the evidence.

d. For electronically stored information ("ESI"), which must be produced in its original electronic format, in addition to the requirements 5.2.c., the Producing Party must place the word "CONFIDENTIAL" in the electronic file name.

5.3.    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "confidential" does not, standing alone, waive the

Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, **must** make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

   5.4. <u>Inadvertent Production of Privileged Information.</u> If a party, through inadvertence, produces or provides material that it believes is subject to a claim or attorney-client privilege, work product immunity, or any other privilege or immunity, the Producing Party may give written notice to the Receiving Party that the material is subject to a specific privilege or immunity and request that the material be returned to the Producing Party. The Receiving Party shall return the material. Return of the material shall not constitute an admission or concession, or permit any inference that the returned material is, in fact, properly subject to a claim of any privilege or immunity, nor shall it foreclose any party from moving the Court for an order that such document or thing has been improperly designated or should be producible for any reason, including a waiver caused by the inadvertent production.

**6.** **<u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

   6.1. <u>Timing of Challenges.</u> Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

   6.2. <u>Meet and Confer.</u> A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the Challenging Party must explain

the basis for its belief that the confidentiality designation was improper and must give the Designating Party ten (10) days to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3. <u>Formal Challenge to Designation.</u> If, after engaging in the meet and confer process, a Challenging Party still contends that a confidentiality designation was improper, the Challenging Party may move for an order directing the Designating Party to produce the materials without the confidentiality designation.

6.4. <u>Treatment of Information While Challenge is Pending.</u> Notwithstanding any challenge to the designation of Disclosure or Discovery Material as Confidential, all materials designated as such must be treated as such and subject to this order until one of the following occurs:

a. the Designating Party withdraws its confidentiality designation in writing; or

b. the Court decides the material at issue is not subject to protection as confidential.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1. <u>Basic Principles.</u> As a general rule, a Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions as are described herein. When the litigation has been terminated, a Receiving Party must comply with the provisions of paragraph **11,** below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Use of *Monell* Discovery. A Receiving Party may also use Protected Material that is disclosed or produced by another Party or by a Non-party regarding *Monell* claims in this case for prosecuting, defending, or attempting to settle the *Monell* claims in *Erin Gursslin v. City of Rochester et al* (6:20-cv-6508) and/or *Marianne Anniszkiewicz v City of Rochester, et al* (6:20-cv-6629). Such Protected Material may be disclosed (in *Gursslin*, and/or *Anniszkiewicz*) only to the categories of persons and under the conditions as are described herein. When the litigation has been terminated, a Receiving Party must comply with the provisions of paragraph **11,** below (FINAL DISPOSITION)

7.3.    Disclosure of Protected Material. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

a. Outside Counsel of record of any Party in this action, including associated personnel necessary to assist Outside Counsel in these proceedings, such as litigation assistants, paralegals, and secretarial and other clerical personnel;

b. Parties to this litigation and their officers, directors, and employees (including House Counsel) to whom disclosure is reasonably necessary for this litigation;

c. Experts (as defined in this Order) of the Receiving Party, including associated personnel necessary to assist Experts in these proceedings, such as litigation assistants, paralegals, and secretarial and other clerical personnel, so long as such Expert has signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

  d. the Court, including associated personnel necessary to assist the Court in its functions, and the jury;

  e. litigation support services, including outside copying services, court reporters, stenographers, videographers, or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a Party or its counsel for the purpose of assisting that Party in these proceedings, for whom a company representative has signed the "Acknowledgment and Agreement to Be Bound by Protective Order" (Exhibit A);

  f. other professional vendors to whom disclosure is reasonably necessary for this litigation and for whom a company representative has signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

  g. any actual or potential witness in the action who has signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A), provided that counsel believes, in good faith, that such disclosure is reasonably necessary for the prosecution or defense of these proceedings. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted herein;

  h. the author of the document or the original source of the information;

  i. Counsel for issuers of insurance policies under which any issuer may be liable to satisfy part or all of a judgment that may be entered in these proceedings or to indemnify or reimburse payments or costs associated with these proceedings and who has signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

  j. any mediator or arbitrator appointed by the Court or selected by mutual agreement of the parties and the mediator or arbitrator's secretarial and clerical personnel, provided that a

company representative for the mediator or arbitrator has signed the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" (Exhibit A);

k.   any other person as to whom the Producing Party has consented to disclosure in advance and in writing, on notice to each Party hereto.

**8.      USE OF PROTECTED MATERIAL IN OTHER LITIGATION**

<u>Subpoena or Order for use of protected materials in other litigation.</u> If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "confidential," the Receiving Party must so notify the Designating Party, in writing (by e-mail or fax, if possible) within three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.  Receiving Party shall object to any such subpoena on the ground that the materials sought are confidential, and shall not disclose any confidential material in response to any such subpoena unless ordered to do so by the Court.

**9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound by Stipulated Protective Order" that is attached hereto as Exhibit A.

**10.**     **PROTECTED MATERIAL IN COURT**

This Order does not seal court records in this case or apply to the disclosure of Protected Material at trial. It is only intended to facilitate the prompt production of Discovery Materials. A Party that seeks to file under seal any Protected Material, seal the court record, or close trial proceedings must comply with applicable law. The fact that Discovery Material has been designated as "Confidential" shall not be admissible as evidence that the Material in fact contains confidential information entitled to protection from disclosure under the law.

**11.**     **FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, each Receiving Party must, within thirty days after the final termination of this action, either (1) return all Protected Material to the Producing Party or (2) destroy all Protected Material.

**12.**     **MISCELLANEOUS**

12.1. Public Health and Safety. Nothing in this Order is intended to prevent any party from raising with the Court any concern that the non-disclosure of certain Protected Material may have a possible adverse effect upon the general public health or safety, or the administration or operation of government or public office.

12.2. Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

*THIS SECTION INTENTIONALLY BLANK*

12.3. <u>Right to Assert Other Objections.</u> By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

Dated: 1/5, 2022

ROTH & ROTH LLP

By: _____
Elliot Dolby Shields, Esq.
*Attorneys for Plaintiff*
192 Lexington Ave, Suite 802
New York, New York 10016

LINDA KINGSLEY
CORPORATION COUNSEL

By: _____
Peachie L. Jones, of Counsel
*Attorneys for Defendants*
City Hall Room 400A
30 Church Street
Rochester, New York 14614

SO ORDERED.

_____
Marian W. Payson
United States Magistrate Judge

Dated: _____, 2022

```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| CHARLES DEMPSEY, individually, and L.D. by her father and natural guardian, CHARLES DEMPSEY,<br>　　　　　　　　Plaintiff,<br>vs.<br><br>THE CITY OF ROCHESTER, a municipal entity, JAVIER ALGARIN, ADAM GORMAN, "JOHN DOE" RPD OFFFICER RESPONSIBLE FOR TRAINING JAVIER ALGARIN,<br>　　　　　　　　Defendants. | ACKNOWLEDGMENT FOR STIPULATED PROTECTIVE ORDER<br><br>Case No. 19-CV-6780 (EAW)(MWP) |

# EXHIBIT A

1. I have read and know the contents of the Protective Order ("Protective Order") dated _____, 2022 and filed in the above-entitled action.

2. I am ☐ Co-counsel; ☐ Staff; ☐ Expert or Consultant ☐ Staff of Expert or Consultant, in the above-styled case.

3. I am executing this Acknowledgement in order to satisfy the conditions of Paragraph 5 of the Protective Order prior to the disclosure to me of any Confidential Information as said term is defined in the Protective Order.

4. I expressly represent and agree that:

    a) I have read and shall be fully bound by the terms of the Protective Order;

    b) All such Confidential Information as is disclosed to me pursuant to the Protective Order shall be maintained by me in strict confidence, and I shall not disclose or use the original or any copy of, or the subject of, the Confidential Information except in accordance with the Protective Order;

    c) I shall not disclose the contents or subject matter of all such Confidential Information to anyone, other than in accordance with the Protective Order, at any time hereafter;

5. I do and shall subject myself to the continuing jurisdiction of the above-entitled Court over my person wherever I shall be, for the enforcement of the Court's Order to be entered as provided in the stipulation.

Dated: _____.

                                                                         _____
                                                                        SIGNATURE

                                                                        _____
                                                                        PRINTED NAME