UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CHARLES DEMPSEY, individually, and L.D. by her father and natural guardian, CHARLES DEMPSEY,

                              Plaintiff,

-against-

THE CITY OF ROCHESTER, a municipal entity, JAVIER ALGARIN, ADAM GORMAN, "JOHN DOE" RPD OFFFICER RESPONSIBLE FOR TRAINING JAVIER ALGARIN,

                              Defendants.

20-cv-6780 (EAW)(MWP)

**NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs will take the depositions upon oral examination of the City of Rochester ("City"). Said deposition will commence on **July 25, 2022 at 10:00 a.m.** at the offices of Easton Thompson Kasperek Shiffrin LLP, The Powers Building, 16 West Main Street, Suite 243 Rochester, New York 14614, Rochester, New York; or remotely by virtual means. The deposition(s) will be conducted before a notary public or other officer authorized to administer oaths and will be recorded by stenographic means; additionally, the deposition will be recorded by audio-visual means. The deposition(s) will be taken pursuant to the Federal Rules of Civil Procedure and will continue from day to day until completion.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the City must designate and fully prepare one or more officers, agents, employees, or other persons who consent to testify on its behalf about information known or reasonably available to the City concerning the Matters for Deposition set forth below.

At least seven (7) days in advance of any session of this deposition, the City shall identify to Plaintiff in writing the witness(es) who will testify at such session and the Matters for Deposition about which each such witness shall testify at such session. The City must produce all documents pertaining to those of the Matters for Deposition about which each witness will testify, and which have not previously been produced, no later than seven (7) business days prior to the session at which such witness will testify.

## MATTERS FOR DEPOSITION[1]

1. All rules, regulations, methods, policies, procedures, and practices, in effect or customarily followed between January 1, 2013 and present regarding:

    a. Entering fenced-in curtilage of residential properties without a warrant.

    b. Foot pursuits of suspects who flee from officers.

    c. "Backtracking" through the curtilage of residential properties after a foot pursuit has concluded.

    d. The training, supervision and discipline of officers who enter residential properties unlawfully.

    e. Encounters with dogs on residential properties.

    f. Use of deadly force against dogs.

    g. Using less lethal force against dogs.

    h. The obligation of RPD officers to articulate the justification for their use of force against dogs.

    i. The training, supervision and discipline of officers who have shot a dog.

    j. Tracking the number of dogs shot by officers.

    k. The requirement to fill out an incident report and/or firearm discharge report any time an officer discharges their firearm.

---

[1] Plaintiff incorporates into these Matters for Deposition the definitions set forth in Plaintiff's First Request for Production of Documents dated March 10, 2021.

2. The training received by each of the individually named defendant police officers relevant to the claims and defenses in this action.

3. The complete personnel and disciplinary histories of each of the individually named defendant police officers.

4. The complete Professional Development Section files for each of the individually named defendant police officers.

5. Every dog shooting incident from January 1, 2013 to present.

6. The existence and/or location of the City's and the RPD's documents relevant to the subject matter of this action.

7. The decision to place Javier Algarin in the "Why I Wear the Badge" promotion in August 2019.

8. The City's attempts to locate documents relevant to the subject matter of this action, including the searches performed and the locations searched.

9. All facts, witnesses, and documents on which Defendants base any purported or as-of-yet pled affirmative defenses.

10. Any and all document and/or electronically stored data retention and destruction policies and practices that would relate to any of the documents requested in Plaintiff's Rule 34 document requests.

11. The location of the documents and/or electronically stored data requested in the Rule 34 document requests.

12. The organization, indexing, and filing of the documents and/or electronically stored data requested in the Rule 34 document requests.

13. The method of search for the documents and/or electronically stored data requested in the Rule 34 document requests.

14. The completeness of the documents and/or electronically stored data produced pursuant to Fed. R. Civ. P. 34.

**TAKE NOTICE** that, pursuant to Fed. R. Civ. P. 30(b)(2), Plaintiff requests that the City's designee, responsive to this deposition notice, produce, at the time of the deposition, the documents identified in the Schedule of Documents contained in this deposition notice.

Dated: July 5, 2022
      New York, New York

ROTH & ROTH LLP

By: ~//s//~
Elliot Dolby Shields, Esq.
*Counsel for Plaintiff*
192 Lexington Ave, Suite 802
New York, New York 10016
Ph: (212) 425-1020

To:    Peachie Jones, Esq.
        Municipal Attorney
        City of Rochester Law Department
        30 Church Street-Room 400A
        Rochester, New York 14614