UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ERIN GURSSLIN,

                                              Plaintiff,

               -against-                                    20-cv-6508 (EAW)(MJP)

THE CITY OF ROCHESTER, a municipal
entity, POLICE OFFICER JEREMY NELLIST,
POLICE OFFICER JOSHUA KELLY,
COMMANDER FABIAN RIVERA,
LIEUTENANT AARON SPRINGER,

                                              Defendants.

## PLAINTIFF'S THIRD REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

PLEASE TAKE NOTICE that, pursuant to Rule 26 of the Local Rules of the United

States District Court for the Western District of New York (the "Local Rules") and Rule 34 of

the Federal Rules of Civil Procedure, Plaintiff requests that Defendants produce for copying and

inspection at the office of Roth & Roth, LLP, 192 Lexington Avenue, 8th Floor, New York, New

York 10016, within thirty days, all documents and materials described herein.

## DEFINITIONS

Plaintiff hereby incorporates the Uniform Definitions in Discovery Requests contained in

Rule 26.3 of the Local Rules in addition to the following definitions:

1.     Incident: the term "Incident" means the shooting of Plaintiff's dog Nina on

September 6, 2018 in Plaintiff's back yard at 1774 St. Paul Street, Rochester, New York,

including but not limited to the Special Weapons and Tactics ("SWAT") team operation at 1771

St. Paul Street, and all circumstances surrounding or in any way related to the shooting.

2.     This Action: the term "This Action" refers to this litigation, and all related court

proceedings, filings, appeals, or orders.

3. <u>City</u>: The term "City" refers to the City of Rochester.

4. <u>Defendants/Individual Defendants</u>: The term "Defendants" means the City and all individual defendants named in the case caption, above. The term "Individual Defendants" refers to all of the above defendants not including the City.

5. <u>Plaintiff</u>: the term "Plaintiff" means Erin Gursslin.

6. <u>Complaint</u>: the term "Complaint" means the Complaint filed by Plaintiff in this Action.

7. <u>RPD</u>: the term "RPD" means the Rochester Police Department, an agency of Defendant City and the direct employer of the Individual Defendants.

8. <u>Other Identified Officers</u>: The term "Officer Defendants" shall refer to non-defendant RPD Officers identified in the Complaint, including the materials annexed thereto, media stories, and the 87 officers listed in Defendants Supplemental Rule 26 disclosures.

9. <u>Other Identified Incidents</u>: The term "Officer Identified Incidents" shall refer to other Incidents identified in the Complaint, including the materials annexed thereto, and media stories, including the Incidents identified at paragraphs 154–62 of the complaint.

10. <u>Substantiated Force Incidents</u>: The term "Substantiated Force Incident" means either civilian complaints or internal complaints that an RPD officer used excessive force, that was substantiated by the RPD's Professional Standards Section, the Civilian Review Board, and/or the RPD Chief.

11. <u>You</u>: The term "you" means the Defendants and, where appropriate, all officers, directors, employees, partners, subsidiaries, agents or affiliates.

12. <u>Incident</u>: The term "Incident" is used broadly herein to mean the alleged unlawful entry and puppycide Incident forming the basis of the instant action, alleged in the Complaint to

have occurred on or about September 6, 2018, and includes the facts and events alleged in Plaintiff's Complaint, and the prior and subsequent events and occurrences that are pertinent thereto, either directly or indirectly.

13.     Communication: The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise). The term "communication" includes, without limitation: oral and/or spoken transmittals of information, regardless of medium; and written transmittals of information, regardless of medium.

14.     Document: The term "document" means (a) the original and any non-identical copy (whether different from the  original because of marginalia, handwritten notes, highlighting underlining or otherwise) of anything written, recorded or memorialized in any way, including, but not limited to, Electronically Stored Information ("ESI", as defined below), all papers, letters, telegrams, telexes, faxes, drafts, writings, correspondence, memoranda, emails, email attachments (in whatever format), records, reports, books, summaries, diaries, calendars, telephone logs, notes, diagrams, tables, drawings, graphs, charts, photographs, sound recordings, images, other data or data compilations, tapes, microfilms, minutes, work papers, calculations, check registers, checks, check vouchers, check stubs or recipients, presentations, circulars, releases, meetings, transcripts, interoffice communications, journals, logs, appointments, notebooks, agreements, prospectuses, financial statements, schedules, advertisements, pictures, films, accounting books or records, any other writings, whether typewritten, handwritten, printed or otherwise, electrical or magnetic recordings, computer records of any kind, computer software of any kind, electronic communications or electronic documents, tape data sheets or data processing cards or disks or any other written, recorded, transcribed, punched taped, filmed or graphic matter, however produced or reproduced; (b) A draft or a non-identical copy is a separate

document within the meaning of this term; (c) This definition expressly requires you to search for and to produce electronic documents; and (d) Where the electronic and hard copy versions of any document are separate documents per this definition, both the electronic and hard copy versions should be produced.

15. ESI: The term "ESI" means electronically stored information including, without limitation, the following: (a) Information that is generated, received, processed, and recorded by computers and other electronic devices including, without limitation, voicemail; (b) Internal or external web sites; (c) Output resulting from the use of any software program, including, without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, AOL Instant Messenger (or other similar programs) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether said electronic data exists in an active file, a deleted file, or file fragment; (d) Activity listings of electronic mail receipts and/or transmittals; and any and all items stored on computer memories, hard drives, electronic storage devices or other removable media, thumb drives, floppy disks, CD-ROM, DVDs, magnetic tape, microfiche, or on any other media for digital data storage or transmittal, such as, but not limited to, a personal digital assistant, e.g.. Palm Pilot, Blackberry, iPhone, iPad, tablet, or similar device, and file folder tabs, or containers and labels appended to, or concerning, any physical storage device associated with each original or copy of all documents requested herein; and any bit-by-bit mirror image copies or archive copies of any of the foregoing and, to the extent possible, servers.

16. Identify (with Respect to Persons): When referring to a person, to "identify" means to give, to the extent known, the person's full name, present or last known address and,

when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

17. <u>Identify (with Respect to Documents)</u>: When referring to documents, to "identify" means to give, to the extent known, the (i) type of document, (ii) general subject matter, (iii) date of the document, and (iv) author(s), addressee(s) and recipient(s), or, alternatively, to produce such document(s) for inspection if not called for in the request.

18. <u>Identify (with Respect to Communications)</u>: A request to "identify" a communication means: (i) to state whether it was written or oral, and if written, to identify each document comprising or evidencing such communication; (ii) to state the date and place of such communication; (iii) to identify each individual participating therein and each individual who was present at the place or places of such communication; (iv) to state what was said by each participant in the course of such communication, or if now known, the substance of such communication.

19. <u>Person</u>: The term "person" is defined as any natural person or any business, legal or governmental entity, corporation or association.

20. <u>Concerning</u>: The term "concerning" means relating to, referring to, describing, evidencing or constituting.

21. <u>All/Each</u>: The terms "all" and "each" shall be construed as all and each.

22. <u>And/Or</u>: The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

23.    Number: The use of the singular form of any words includes the plural and vice versa.

**INSTRUCTIONS**

1.    You are requested to produce not only those documents in your possession, custody or control, but also those documents in the possession, custody or control of your present or former employees, representatives, affiliates, parents, subsidiaries, owners, members, shareholders, lenders, attorneys, insurers, agents or other persons acting or purporting to act on your behalf as well as those documents in the possession, custody or control of entities that you, directly or indirectly, control, manage or in which you are a principal or have an equity interest.

2.    If any document responsive to the requests has been lost, destroyed or is otherwise unavailable, describe and identify each such document by stating in writing: (i) the name(s) of the authors(s), the name(s) of the person(s) who received the original and all copies, and the date and subject matter, (ii) the last known custodian of the document, (iii) the Incident, event, or occurrence during which such document was lost, destroyed, or otherwise became unavailable, (iv) each person having knowledge of the circumstances of it being lost, discarded or destroyed and (v) your efforts to locate each such document.

3.    If a claim of privilege is asserted with respect to any document, or you refuse to disclose any document requested herein on any other ground, state the basis for your claim that such document need not be disclosed with such specificity as will permit the Court to determine the legal sufficiency of your objection or position, and, for each such document, identify:

      a.    whether the document contains a request for legal advice and, if so, identify the person who requested the legal advice;

      b.    whether the document contains advice as to the meaning or application of particular laws or rules in response to such request;

c.     any further information to explain and support the claim of privilege and to permit the adjudication of the propriety of that claim;

d.     the nature of the privilege (including work product) that is being claimed and, if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked;

e.     the type of document, e.g. letter or memorandum; the general subject matter of the document; and such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author, addressee, and any other recipient of the document, and, where not apparent, the relationship of the author, addressee, and other recipient to each other.

4.     Consistent with FRCP § 34(b), you shall produce all documents in the manner in which they are maintained in the usual course of your business and/or you shall organize and label the documents to correspond with the categories in these Requests. A Request for a document shall be deemed to include a Request for any and all file folders within which the document was contained, transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself

5.     If, in answering these requests, you claim any ambiguity in interpreting either the request or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond, rather you shall set forth in a part of your response to such a request the language deemed to be ambiguous and the interpretation chosen or used in responding to the request.

6.     With respect to the documents requested, these requests seek production of all documents described, in their entirety, along with any attachments, drafts and non-identical copies.

7.     Questions regarding the interpretation of these requests should be resolved in favor of the broadest possible construction.

8. The documents produced in response to these requests shall be: (i) organized and designated to correspond to the categories in the requests, or (ii) produced in a form that accurately reflects how they are maintained by you in the normal course of business, including but not limited to the following:

    a.    that all associated file labels, file headings and file folders be produced with the responsive documents from each file and that each file be identified as to its owner(s) or custodian(s);

    b.    that all pages now stapled or fastened together be produced stapled or fastened together; and

    c.    that all documents which cannot legibly be copied be produced in their original form.

9. If and to the extent documents are maintained in a database or other non-standard electronic format, you shall produce along with the document(s) software that will enable access to the document(s) as you would access such document(s) in the ordinary course of your business or if the documents are not used in the ordinary course of your business, you shall produce software that will enable the document(s) to be understood.

10. Documents attached to each other should not be separated.

11. Documents are to be produced in full, unredacted, and unexpurgated form.

12. Documents not otherwise responsive to these Requests shall be produced if any of such documents mention, discuss, refer to, or explain the documents which are call for by these Requests.

13. The fact that a document is produced by another party does not relieve you of the obligation to produce your copy of the same document, even if the two documents are identical.

14. If you object to any part of any Request, you shall state fully the nature of and reason for the objection. Notwithstanding any objections, you shall nonetheless comply fully with the other parts of the Request not objected to.

15. If you respond that there are no responsive documents to a Request or a part of a Request, you shall (i) state in writing that you conducted a good faith search for the requested documents; (ii) describe the extent and nature of the search; and (iii) state that, based on the search, there are no requested documents in your possession, custody, or control and no requested documents in the possession, custody or control of any persons encompassed by Instruction No. 1.

16. Each Request shall be construed independently and not with reference to any other Request for the purpose of limitation.

17. This request is to be considered as continuing and you are requested to provide, by way of supplementary responses hereto, such additional information as you or any persons acting on your behalf may hereafter obtain that will augment, clarify, or otherwise modify the responses now given to these requests. Such supplementary responses are to be served upon counsel for Plaintiff within thirty days after receipt of such information or documents.

18. In lieu of making documents available for inspection, you may produce true and accurate copies of any responsive hardcopy documents, or PDFs. ESI must be produced in native format with metadata intact, unless another production format is negotiated. Defendants may not convert the data to a form that is more burdensome or less searchable. Further, ***Plaintiff will not accept any document production that requires specialized software to view, for example CaseLogistix, Concordance, Relativity, or Summation***

## I.  DOCUMENT REQUESTS RELATED TO THIS INCIDENT

1.      For every police officer listed on the City's supplemental rule 26 disclosures and second supplemental rule 26 disclosures, produce all records of other dog shooting incident that they will "speak to … in which dogs have been shot while they were officers at RPD."

2.      For every police officer listed on the City's supplemental rule 26 disclosures and second supplemental rule 26 disclosures, produce all attendance records for any in service training related to interactions with dogs.

3.      For every police officer listed on the City's supplemental rule 26 disclosures and second supplemental rule 26 disclosures, produce all records of "RPD training regarding interaction with dogs" from the trainings that each of said officers attended.

4.      For every police officer listed on the City's supplemental rule 26 disclosures and second supplemental rule 26 disclosures, produce all records for any police academy training related to interactions with dogs.

5.      For every police officer listed on the City's supplemental rule 26 disclosures and second supplemental rule 26 disclosures, produce all incident reports and other records related to any dogs that those officers have shot while on duty as a police officer.


Dated: New York, New York
        November 7, 2022


                              ROTH & ROTH LLP


                    By: _____~//s//~_____
                          Elliot Dolby Shields, Esq.
                          *Attorneys for Plaintiff*
                          192 Lexington Ave, Suite
                          802 New York, New York
                          10016 Ph: (212) 425-1020

To:     Peachie Jones, ESQ
        Municipal Attorney
        *Attorneys for Defendants*
        City Hall Room 400A, 30 Church Street
        Rochester, New York 14614
        (585) 428-6812