UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ERIN GURSSLIN, | | |
| | Plaintiff, | |
| -against- | | 20-cv-6508 (EAW)(MJP) |
| THE CITY OF ROCHESTER, a municipal entity, POLICE OFFICER JEREMY NELLIST, POLICE OFFICER JOSHUA KELLY, COMMANDER FABIAN RIVERA, LIEUTENANT AARON SPRINGER, | | |
| | Defendants. | |

**NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)**

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs will take the depositions upon oral examination of the City of Rochester ("City"). Said deposition will commence on **January 24, 2023 at 10:00 a.m.** at the offices of Easton Thompson Kasperek Shiffrin LLP, The Powers Building, 16 West Main Street, Suite 243 Rochester, New York 14614, Rochester, New York. The deposition(s) will be conducted before a notary public or other officer authorized to administer oaths and will be recorded by stenographic means; additionally, the deposition will be recorded by video; additionally, the deposition will be recorded by audio. The deposition(s) will be taken pursuant to the Federal Rules of Civil Procedure and will continue from day to day until completion.

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, the City must designate and fully prepare one or more officers, agents, employees, or other persons who consent to testify on its behalf about information known or reasonably available to the City concerning the Matters for Deposition set forth below.

1

At least seven (7) days in advance of any session of this deposition, the City shall identify to Plaintiff in writing the witness(es) who will testify at such session and the Matters for Deposition about which each such witness shall testify at such session. The City must produce all documents pertaining to those of the Matters for Deposition about which each witness will testify, and which have not previously been produced, no later than seven (7) business days prior to the session at which such witness will testify.

## MATTERS FOR DEPOSITION[1]

1. All rules, regulations, methods, policies, procedures, and practices, in effect or customarily followed between January 1, 2013 and present regarding:

    a. Entering fenced-in curtilage of residential properties without a warrant.

    b. The training, supervision and discipline of officers who enter residential properties unlawfully.

    c. Encounters with dogs on residential properties.

    d. Use of deadly force against dogs.

    e. Using less lethal force against dogs.

    f. The obligation of RPD officers to articulate the justification for their use of force against dogs.

    g. The training, supervision and discipline of officers who have shot a dog.

    h. Tracking the number of dogs shot by officers.

    i. The requirement to fill out an incident report and/or firearm discharge report any time an officer discharges their firearm.

2. The training received by each of the individually named defendant police officers relevant to the claims and defenses in this action.

---

[1] Plaintiff incorporates into these Matters for Deposition the definitions set forth in Plaintiff's First Request for Production of Documents dated February 10, 2021.

3. The complete personnel and disciplinary histories of each of the individually named defendant police officers.

4. The complete Professional Development Section files for each of the individually named defendant police officers.

5. Every incident where a dog was shot by an RPD officer from January 1, 2013 to present.

6. The existence and/or location of the City's and the RPD's documents relevant to the subject matter of this action.

7. The City's attempts to locate documents relevant to the subject matter of this action, including the searches performed and the locations searched.

8. All facts, witnesses, and documents on which Defendants base any purported or as-of-yet pled affirmative defenses.

9. Any and all document and/or electronically stored data retention and destruction policies and practices that would relate to any of the documents requested in Plaintiff's Rule 34 document requests.

10. The location of the documents and/or electronically stored data requested in the Rule 34 document requests.

11. The organization, indexing, and filing of the documents and/or electronically stored data requested in the Rule 34 document requests.

12. The method of search for the documents and/or electronically stored data requested in the Rule 34 document requests.

13. The completeness of the documents and/or electronically stored data produced pursuant to Fed. R. Civ. P. 34.

14. All SWAT training and policies regarding interactions with dogs.

15. All SWAT training and policies regarding the use of "Catchpoles".

16. All SWAT training and policies regarding entering and/or passing through residential properties.

17. All SWAT training and policies regarding pre-warrant execution surveillance and planning related to dogs that officers might encounter on any property during the SWAT operation.

18. All policies and training related to travel routes of Swat Officers.

19. The SWAT sniper team's selection of their final operating position prior to the execution of the warrant.

20. Why SWAT officers do not wear body worn cameras or any other / similar video recording device during SWAT operations.

21. Every incident where SWAT officers shot a dog from January 1, 2013 to present.

**TAKE NOTICE** that, pursuant to Fed. R. Civ. P. 30(b)(2), Plaintiff requests that the City's designee, responsive to this deposition notice, produce, at the time of the deposition, the documents identified in the Schedule of Documents contained in this deposition notice.

Plaintiff reserves the right, and specifically plans, to amend this notice after the Court decides the currently pending motion to compel, filed at ECF 36.

Dated: November 7, 2022
New York, New York

ROTH & ROTH LLP

By: ~//s//~
Elliot Dolby Shields, Esq.
*Counsel for Plaintiff*
192 Lexington Ave, Suite

4

802 New York, New York
10016 Ph: (212) 425-1020

To: Peachie Jones, Esq.
Municipal Attorney
City of Rochester Law Department
30 Church Street-Room 400A
Rochester, New York 14614