UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ERIN GURSSLIN,

           Plaintiff,

vs.

THE CITY OF ROCHESTER, municipal
entity, POLICE OFFICER JEREMEY
NELLIST, POLICE OFFICE JOSHUA
KELLY, COMMANDER FABIAN RIVERA,
LIEUTENANT AARON SPRINGER,

           Defendants.

DISCOVERY ORDER
20-CV-6508-EAW-MJP

---

**WHEREAS**, Plaintiff filed an extensive first motion to compel, third motion for extension of time to complete discovery, and motion for sanctions on November 6, 2022 (ECF No. 36), seeking numerous categories of relief from the Court, some of which were resolved by the parties through briefing of the motion, and others which are addressed below, and Defendants request to preclude Plaintiff from relying on individuals named in her Rule 26 Supplemental Disclosures, particularly Plaintiff's mother, Gail Daitz, and brother, Todd Gursslin (ECF No. 43); and

**WHEREAS**, the Court held a lengthy conference with the parties on December 13, 2022, which continued on the next day, December 14, 2022, regarding the discovery disputes between the parties; the Court hereby

**ORDERS**, that the Court denies Plaintiff's requests to preclude Defendants from offering any testimony from the 87 witnesses disclosed in Defendants' Second

1

Supplemental Rule 26 disclosure and to strike Defendants' Second Supplemental Rule 26 disclosure. Plaintiff is permitted to conduct limited discovery of the 87 witnesses in the form of interrogatories, limited to inquiring as to whether (1) the individual in question has read the incident report including his or her name and (2) whether he or she recalls any additional information about the incident in question; and the Court further

**ORDERS**, that Defendants are directed to produce the rosters discussed listing the individuals who attended the 2014 training and the 2019 roll call; and the Court further

**ORDERS**, that Plaintiff's request to conduct more than ten depositions is denied; and the Court further

**ORDERS**, that, with respect to that aspect of Plaintiff's motion to compel Defendants to serve proper interrogatory responses to Interrogatories 5, 8, 9, 11, 12, 13, and 14 served on Officer Joshua Kelly and Officer Jeremy Nellist contained in Plaintiff's First Set of Interrogatories, the parties agreed at that the dispute regarding Interrogatories 11 and 13 have been resolved. With respect to Interrogatories 5, 8, 9, 12, and 14, the parties are directed to meet and confer in effort to resolve any disputes as this has not yet been done; and the Court further

**ORDERS**, that with respect to that aspect of Plaintiff's motion to compel Defendants to serve proper response to Plaintiff's First and Second Requests for Production of Documents:

Plaintiff's First Request for Production of Documents ("RFP") – SWAT documents produced by Defendants in response to RFP 62.

1. Defendants are directed to partially remove the redaction on Bates stamped page COR 000013 of the SWAT Operation Order from the Gursslin incident, dated 9/6/18, to provide information regarding what, if any, contingencies were made for the target location if officers encountered a dog during that operation, as well as what, if any, contingencies were made for non-target locations in the event that officers encountered a dog during an operation.

2. With respect to the several SWAT operation plans produced by Defendants from other incidents in response to RFP 62 (beginning with Bates stamped number COR GUR 1292), the same applies—Defendants are directed to provide information regarding what, if any, contingencies were made for target locations if officers encountered a dog during an operation, as well as what, if any, contingencies were made for non-target locations in the event that officers encountered a dog during an operation.

Plaintiff's Second Request for Production of Documents — Plaintiff contends that she requires responses to RFPs 11, 12, 13, and 16.

1. With respect to RFP 11, the Court directs Defendants to search for documents responsive to this request;

2. With respect to RFPs 12 and 16, the Court directs Defendants to do the same as above with regard to contingencies contained in SWAT Operations Orders — provide information regarding what, if any, contingencies were

 made for target locations if officers encountered a dog during an operation, as well as what, if any, contingencies were made for non-target locations in the event that officers encountered a dog during an operation;

3. With respect to RFP 13, Defendants are directed to respond to this, even if the response is simply that the documents sought in the request do not exist; and the Court further

**ORDERS**, that with respect to Plaintiff's discovery disputes related to body worn camera ("BWC") footage,

1. The Court directs the parties to meet and confer regarding the confidentiality markings on the BWC footage produced by Defendants;

2. The Court directs Defendants to provide an explanation of the steps taken to find certain BWC footage that could not be located by Defendants;

3. The Court directs Defendants to produce metadata for the BWC footage from either the shooter or one witness in each of the 6 cases filed by Plaintiff's counsel aside from the present case as none purportedly exists, as well as BWC footage and metadata from Incident Number 21-153129, discussed at the conference. Prior to Defendants' production of this footage, Plaintiff's counsel shall identify the video needed from each case. The provided metadata must contain at least (1) who viewed the BWC footage; and (2) when the BWC footage was viewed; and the Court further

**ORDERS**, that, with respect to Defendants' request to preclude Plaintiff from relying on individuals named in her Rule 26 Supplemental Disclosures and, in

4

particular, Plaintiff's mother, Gail Daitz, and brother, Todd Gursslin, the Court denies this request; and the Court further

**ORDERS**, that from the date of this Order forward, there shall be no additional paper discovery served without leave of Court and a showing of good cause other than those documents still contemplated for production by this Order as discussed at the conference, and the discovery Defendants wish to serve on Plaintiff's mother and brother; and the Court further

**ORDERS**, that the deadline for Defendants' production of the training 2014 training roster and 2019 roll-call, metadata related to the BWC footage, and for conducting discovery related to Plaintiff's mother and brother identified in Plaintiff's Supplemental Rule 26 Disclosure is January 27, 2023; and the Court further

**ORDERS**, that the parties are directed to meet and confer and provide a proposed deposition schedule, including the witness name and proposed date for each witness's deposition, within ten days from the date of this Order.

**SO ORDERED.**

DATED:   December 16, 2022

_____
MARK W. PEDERSEN
United States Magistrate Judge