# ROTH & ROTH, LLP

192 LEXINGTON AVENUE, SUITE 802, NEW YORK, NEW YORK 10016
ROTHANDROTHLAW.COM T: (212) 425-1020 F: (212) 532-3801

March 15, 2023

<u>VIA Email</u>
Hon. Marian W. Payson
United States Magistrate Judge
100 State Street
Rochester, New York 14614

Hon. Mark W. Pederson
United States Magistrate Judge
100 State Street
Rochester, New York 14614

> Re:  *Dempsey* v. *City Of Rochester, et al.,* 19-cv-6780 (EAW)(MWP)
> *Gursslin* v. *City of Rochester,* 20-cv-6508 (EAW)(MJP)
> *Anniszkiewicz* v. *City of Rochester,* 20-cv-6629 (FPG)(MWP)
> *Cox* v. *City of Rochester,* 22-cv-6207 (FPG)(MJP)

Dear Honorable Judges Payson and Pederson:

I represent plaintiffs in the above four cases. There are significant outstanding *Monell* discovery issues in these cases. First, many of the issues raised in plaintiff's pre-conference letter dated January 11, 2023, and letter regarding outstanding *Monell* discovery dated January 20, 2023 remain outstanding. Second, there are several new issues that have arisen, including defendants' deficient responses to demands and defendants' refusal to produce documents in response to oral demands for documents at recent depositions.

For example, pursuant to Judge Pedersen's order in *Gursslin*, ECF 52, defendants produced a purported "roster" of attendees at the 2014 in-service

training. *Id.* at 5. However, during the deposition of Sergeant Eric Alexander, he testified that the "roster" that was produced was not an "attendance sheet", and that the roster did not show whether an officer actually attended the training. He testified that at an in-service training like this, the RPD would have an alphabetical sign-in sheet that each officer would physically sign, which would be the only evidence of whether or not the officer attended the training.

I made an oral demand for production of the sign in sheet, but Ms. Jones has not produced the sign in sheet. At today's deposition of Commander Fabian Rivera, Ms. Jones stated that the defendants would not produce any documents pursuant to oral demands made at any of the depositions, despite your undersigned informing Ms. Jones that it was clearly established in this Circuit that there is no requirement to follow up on oral demands made during a party deposition with a "formal" written request. *Tyson* v. *Saint James Fire Dep't*, No. CV186908DRHAKT, 2021 WL 17394, at \*1 (E.D.N.Y. Jan. 2, 2021) ("It is well-settled among district courts within this Circuit that an oral request for documents made during a party deposition need not be followed up with a 'formal' document demand in order to trigger the producing party's obligation to respond.") see *Ferlito v. County of Suffolk*, CV 06-5708, 2009 WL 10702834, at \*2 (E.D.N.Y. Sept. 25, 2009) (same); *Kara Holding Corp. v. Getty Petroleum Mktg., Inc.*, 2002 WL 475125, at \*5 (S.D.N.Y. Mar. 28, 2002) (directing production of documents that the plaintiff "requested formally at depositions"); *Llewellyn v. N. Am. Trading*, 1997 WL 177878, at \*2 (S.D.N.Y. Apr. 11, 1997) ("[t]reating plaintiff's oral requests at [the defendant's] deposition as an

operative request for production of documents"); *Bank of N.Y. v. Meridien Biao Bank Tanzania Ltd.*, 171 F.R.D. 135, 145 (S.D.N.Y. 1997) (same); *Jackson v. Novell, Inc.*, 1995 WL 144802, at *1 (S.D.N.Y. Apr. 3, 1995) (enforcing document request made during party deposition); *Shum Yip (U.S.A.) Co., Ltd. v. Chiu*, 1993 WL 426835, at *3 (S.D.N.Y. Oct. 19, 1993) (finding that the Magistrate Judge properly rejected argument that "an oral request for production of [a document] during the deposition was insufficient to request that the [document] be produced").

This is important, because officer Kenny Pinckney testified that he never attended the 2014 in-service training, even though his name is listed on the roster. Thus, defendants need to produce the sign in sheet.

Plaintiff has made numerous other oral demands at the recent depositions, which defendants have similarly refused to respond to. These demands include removal of redactions from certain SWAT documents produced in *Gursslin*, where the witnesses testified that relevant information was redacted, which inhibited their ability to testify about the documents. The parties need to meet and confer regarding these issues.

Second, in *Gursslin*, defendants have requested two extensions of time to comply with Judge Pedersen's Order, and to respond to plaintiff's interrogatory requesting,

> "1. State whether each of the 87 officers listed in defendants supplemental Rule 26 disclosures (listed again below) read the incident report(s) in which they were listed as being involved as either the shooter, a witness, or the supervisor."

> "2. For each of the 87 officers listed in defendants supplemental Rule 26 disclosures (listed again in interrogatory No. 1), state

whether the officers recall any additional information about the incident(s) in question for which they were listed in the incident report as being involved as either the shooter, a witness, or the supervisor."

"3. For every officer who recalls additional information about any indecent listed in interrogatories No. 1 and 2, detail all of the additional information said officer recalls."

Currently, defendants claim they plan to respond to this interrogatory tomorrow, March 16, 2023. Defendants have not indicated whether they will respond tomorrow; and depending on their response, the parties may need to meet and confer regarding any deficiencies.

Third, defendants have not cured many of the issues raised in plaintiff's pre-conference letter dated January 11, 2023, and letter regarding outstanding *Monell* discovery dated January 20, 2023. For example, Ms. Jones has not served a new affidavit of search regarding the body worn camera recordings, which was deficient for the reasons outlined in the pre-conference letter and the January 9, 2023 letter that was attached to the preconference letter as Exhibit "I".

In *Cox*, defendants have not responded to Plaintiff's discovery demands dated December 15, 2022.

In *Dempsey*, defendants have not responded to plaintiff's plaintiffs First Set of Interrogatories to the City and Third Set of Requests for Production of Documents, which were served on November 16, 2022.

In *Anniszkiewicz*, defendants have not responded to plaintiff's second set of RFPs, served on June 20, 2022. Additionally, plaintiff served Requests for Admission and related interrogatories and document demands on January 10, 2023. Defendants responded and simply refused to respond to any of the RFAs or related

Interrogatories or document demands; the parties need to meet and confer regarding defendants' deficient response.

There are other outstanding issues that the parties need to discuss, many of which became apparent during recent depositions.

Thus, plaintiff would propose meeting and conferring with defendants and filing another letter with the Court regarding the outstanding issues within two weeks, or by March 29, 2023.

Respectfully Submitted,

_____~//s//~_____
Elliot D. Shields

CC: All parties via email.