UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ERIN GURSSLIN,

                Plaintiff,

v.

THE CITY OF ROCHESTER,
a municipal entity, et al.,

                Defendants.

DECISION AND ORDER

20-CV-6508-EAW-MJP

---

**Pedersen, M.J.** Presently before the Court is a motion for attorney's fees brought by plaintiff Erin Gursslin ("Plaintiff") pursuant to Federal Rule of Civil Procedure 30(g). (Notice of Mot., Jan. 6, 2023, ECF No. 62.) Plaintiff seeks attorney's fees and expenses for two depositions cancelled by defendants City of Rochester, Jeremy Nellist, Joshua P. Kelly, Fabian Rivera, and Aaron Springer (collectively "Defendants"). For the reasons set forth below, the Court grants in part and denies in part Plaintiff's motion for attorney's fees.

## INTRODUCTION

On November 7, 2022, Defendants noticed two non-party witness depositions for December 20, 2022. On December 19, 2022—the day before the scheduled deposition—Defendants spoke with the non-party witnesses. Defendants then cancelled the depositions. Pursuant Fed. R. Civ. P. 30(g), Plaintiff now seeks $11,095.77[1] in attorney's fees and expenses. Defendants object to the requested attorney's fees and expenses.

---

[1] Plaintiff originally requested $8,400.77 in attorney's fees and expenses. The additional $2,695 is derived from the 4.9 hours allegedly expended to file a reply. (Pl.'s Reply at 10, Jan. 31, 2023, ECF No. 68-5; Shields's Reply Decl. at 3, Jan. 31, 2023, ECF No. 68.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 30(g)(1) permits a court to award "reasonable expenses . . . including attorney's fees" if a party who notices a deposition fails to attend. This Rule "provides for the exercise of discretion," meaning that "the court should consider all the circumstances, such as whether the failure was inadvertent or in bad faith." *Edmonds v. Seavey*, No. 08-CV-5646 (HB)(JCF), 2009 WL 1285526, at *2 (S.D.N.Y. May 5, 2009), *aff'd*, 379 F. App'x 62 (2d Cir. 2010). Under Fed. R. Civ. P. 30(g) Courts may determine that an award of fees is appropriate when untimely notice is given that a party will not attend. *Edmonds*, 2009 WL 1285526, at *3.

"The two key considerations guiding this determination are how far in advance notice was given and whether a party acted in bad faith." *In re Terrorist Attacks on Sept. 11, 2001*, No. 03MD01570GBDSN, 2022 WL 2705457, at *1 (S.D.N.Y. July 12, 2022). Absent bad faith, courts in this District have generally declined to award attorney's fees and costs where notice was given at least 48 hours in advance. *See, e.g., Star Direct Telecom, Inc. v. Global Crossing Bandwidth, Inc.*, 2010 WL 3420730, at *3–4 (W.D.N.Y. Aug.23, 2010) (denying plaintiff's objections to magistrate judge's award of costs, including attorney fees, and expenses incurred in connection with deposition canceled less than 48 hours before its scheduled commencement); *Donini Int'l, S.P.A. v. Satec (U.S.A.), LLC*, No. 03-CV-9471 (CSH), No. 10-CV-00569A(F), 2006 WL 695546, at *7 (S.D.N.Y. Mar. 16, 2006) (declining to award fees and costs where notice of a cancelled deposition was provided two days in advance).

Conversely, courts are more likely to award fees where less than 48 hours' notice is given in advance. *Edmonds*, 2009 WL 1285526, at *3 (awarding fees where

counsel cancelled with less than 24 hours' notice "on the eve of the deposition"); *Root Bros. Farms v. Mak*, No. 05-CV-10863 (LBS)(HBP), 2007 WL 2789481, at *8 (S.D.N.Y. Sept. 25, 2007) (awarding fees where cancellation notice was provided only by voicemail on Saturday before a Monday deposition).

In addition to determining whether to grant a Rule 30(g) motion, courts must also determine what constitutes a reasonable award. *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 758 (2d Cir. 1998). When applying to a court for a Rule 30(g) award, "the fee applicant bears the burden of establishing entitlement to an award." *Hensley v. Eckerhard,* 461 U.S. 424, 437 (1983). Overarching this reasonableness analysis, the Court is bound by the responsibility to award attorney's fees "with an eye to moderation, seeking to avoid the reality or the appearance of awarding windfall fees." *Merck Eprova AG v. Gnosis S.P.A.*, 760 F.3d 247, 266 (2d Cir. 2014).

Both the Supreme Court and Second Circuit utilize the lodestar method—the product of a reasonable hourly rate and the reasonable number of hours required by the case—to create a "presumptively reasonable fee." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010); *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). Adjusting the lodestar is appropriate in "rare and exceptional circumstances." *Perdue*, 559 U.S. at 552.

## DISCUSSION

Plaintiff argues that "[D]efendants' noticing of the two depositions required the expenditure of substantial time for counsel, as well as travel costs" and "Defendants' cancellation of the two depositions with less than 24 hours' notice [was] clearly untimely and warrant[s] an award of the expenses incurred." (Pl.'s Mem. of Law at

7–8, Jan. 6, 2023, ECF No. 62-1.)[2] Plaintiff states Defendants were notified of a need for "a bare minimum of 24-hour's notice" to avoid incurring unnecessary costs. (*Id.* at 5; Shields's Decl. ¶ 16, Jan. 8, 2023, ECF No. 63.)[3]

By cancelling with less than 24 hours' notice, Plaintiff alleges Defendants "forced [Plaintiff's counsel] to drive from New York City to Rochester . . . in the middle of [his] normal workday . . . [and] prevented [him] from working on this matter or others," thereby justifying an award for travel time at Plaintiff's counsel's full hourly rate. (Pl.'s Mem. of Law at 5; Shields's Decl. ¶ 17; Pl.'s Reply at 4, Jan. 31, 2023, ECF No 68-5.) Plaintiff also alleges that "attorney's fees incurred as part of preparing for the deposition are readily recoverable, as are attorney's fees incurred preparing the Rule 30(g) motion itself." (Pl.'s Mem. of Law at 9.)

Plaintiff contends that $500 per hour is a reasonable fee based on several holdings, some from this Court and at least one from a state court's decision (Pl.'s Mem. of Law at 10–12.) Plaintiff attempts to justify this rate by arguing "there are no attorneys in the W.D.N.Y. who would pursue the *Monell* claims in this dog shooting case." (Pl.'s Mem. of Law at 12.)

Finally, raised for the first time in her reply memorandum of law, Plaintiff alleges that Defendants have a pattern of "punishing" Plaintiff's counsel and "forcing" unnecessary travel to Rochester. (Pl.'s Reply at 2.) According to Plaintiff, this 30(g) motion should be awarded to "deter the [Defendants] from engaging in similar

---

[2] Plaintiff's motion (ECF No. 62) is devoid of materials—namely contemporaneous timekeeping records—required pursuant to Loc. R. Civ. P. 7(a)(3–4). (Defs.' Mem. of Law at 2–3, Jan. 24, 2023, ECF No. 64.)

[3] Despite previous warning from this Court, Plaintiff's counsel includes a legal argument in Paragraph 21 of his Declaration. (Shields's Decl. ¶ 21, ECF No 63.) In relevant part, Loc. R. Civ. P. 7(a)(3) states a declaration "must not contain legal arguments . . . [f]ailure to comply with this requirement may constitute grounds for resolving the motion against the non-complying party." The Court admonishes Plaintiff's counsel for continuing this inappropriate practice.

unreasonable deposition-related conduct in this case and other cases" despite conceding that "rule 30(g)(1) is remedial; it is intended to compensate a party for wasted expenses." (*Id.* at 1–2.)

For their part, Defendants argue that a Rule 30(g) award is not appropriate because Plaintiff's counsel did not attend the cancelled deposition as required by Rule 30(g). (Defs.' Mem. of Law at 1–2.) Defendants base this argument on "the plain language of Rule 30(g)." (*Id.* at 1, 2, 4.) Even if Plaintiff's counsel "attended" the depositions, Defendants argue Plaintiff's 30(g) motion is unsupported by required contemporaneous time records or other documents supporting the motion. (*Id.* at 1–3.) To that end, Defendants highlight that Plaintiff exclusively cites to cases where a party physically attended a deposition that did not proceed in support of her motion. (*Id.* at 3.) Because neither Plaintiff nor Plaintiff's counsel physically attended the cancelled depositions, Defendants assert no award is justified. (*Id.* at 8.)

Defendants also contend that Plaintiff neither mitigated costs nor complied with Fed. R. Civ. P. 26 regarding disclosure of the witnesses' contact information. (*Id.* at 5–6.) Supporting the first contention, Defendants argue that Plaintiff received notice of the cancelled depositions before picking up the rental vehicle and could have cancelled the rental. (*Id.* at 5.) Supporting the second contention, because the two witnesses are Plaintiff's tenants, (Jones's Decl. ¶ 16), Defendants allege Plaintiff "had the ability to obtain the contact phone numbers from her own tenants [and provide them] as required by Rule 26(a)(1)(A)(i)." (Defs.' Mem. of Law at 6.) Defendants argue that because full contact information for the noticed witnesses was not provided by Plaintiff until a week before the scheduled depositions, Plaintiff bears the culpability for the untimely cancellation. (*Id.*)

Separately, Defendants allege that Plaintiff impermissibly seeks fees for non-party witnesses, and assert that Plaintiff's costs were not "unnecessary" as a result of untimely cancellation of the depositions. (*Id.* at 4–7.)

If the Court determines an award is appropriate, Defendants argue Plaintiff's requested hourly rate is unreasonable, suggesting $300 per hour is the "highest reasonable rate that Plaintiff's counsel would properly be entitled to." (*Id.* at 7–8.) Defendants contend that courts within the W.D.N.Y. utilize hourly rates of $250–$300 for partners, and $200–$250 for associates, where there is no justification to support awarding a higher rate. (*Id.* at 8.)

## ANALYSIS

Plaintiff requests attorney's fees and expenses in the amount of $11,095.77 over Defendants' objection to the motion on numerous grounds. In considering the voluminous submissions on this motion, the Court finds some award under Fed. R. Civ. P. 30(g) is appropriate based on relevant guidance from within the Second Circuit. However, given the facts specific to this case, the Court finds Plaintiff's demand grossly exceeds an appropriate 30(g) award and, if granted, would result in an inappropriate windfall. *Merck Eprova*, 760 F.3d at 266.

### *Appropriateness of 30(g) Sanctions*

The Court begins by establishing that Plaintiff's counsel did not "attend" the deposition within the meaning of Rule 30(g). As noted by Defendants, Plaintiff exclusively cites to cases where parties physically attended a deposition and expected it to proceed. (Pl.'s Mem. of Law at 7; Pl.'s Reply at 2.) To counter the fact that Plaintiff's counsel did not physically attend either cancelled deposition, Plaintiff argues that he did in fact "attend" because he "had already departed for the deposition"—equivalent to physical attendance the next day—and because it was too late to change his plans such that Defendants "forced" Plaintiff's counsel to unnecessarily travel to Rochester. (Pl.'s Mem. of Law at 5; Pl.'s Reply at 3.)

The Court does not find Plaintiff's argument in this respect to be persuasive. Plaintiff has not cited to any case law that supports a finding that her counsel

attended the cancelled depositions without being physically present at them. This is especially so given that Plaintiff candidly reports that he was working on other matters in Rochester at the time of the scheduled depositions (Pl.'s Mem. of Law at 9.) It is undisputed that Plaintiff did not "attend" the deposition as required by Fed. R. Civ. P. 30(g).

Notwithstanding the foregoing, Defendants might have avoided this motion by simply contacting the witnesses they noticed immediately upon receiving their contact information from Plaintiff's counsel. To that end, Defendants provide little explanation for the last-minute cancellation and merely state they "promptly" cancelled upon learning the intended depositions were useless to their case. (Jones's Decl. at ¶¶ 13–14, Jan. 24, 2023, ECF No. 64-1.) While this may be true, the Court notes that Defendants waited almost a week to contact the witnesses after receiving their phone numbers. (*Id.* at ¶¶ 12–13.) Despite Defendants' delay in contacting the witnesses and their last-minute cancellation of the depositions, the Court does not find that Defendants' behavior rises to the level of bad faith or litigation misconduct. *See, e.g., Edmunds*, 2009 WL 1285536 (A party's cancellation on the eve of deposition amounted to bad faith because party's last-minute cancellation was an attempt to gain leverage in unrelated matter).

In conclusion, to the extent that Defendants' conduct resulted in Plaintiff incurring unnecessary costs and fees, the Court, in its discretion, finds some award is appropriate pursuant Fed. R. Civ. P. 30(g).

### *Attorney's Fees*

#### *Plaintiff's reasonable hourly rate is $350 per hour.*

While Plaintiff requests $500 an hour, constituting an out-of-district rate, (Pl.'s Mem. of Law at 10–13; Pl.'s Reply at 5–6), Defendants argue $500 an hour is

unreasonable, and the highest reasonable in-district rate is between $250–300 an hour. (Defs.' Mem. of Law at 7–8.)

The Court agrees with Defendants that the full out-of-district rate requested by Plaintiff is unreasonable. "The reasonable hourly rate is the rate a paying client would be willing to pay," keeping in mind "that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008). Recently in *McGaffigan v. City of Rochester*, the Honorable Frank P. Geraci, Jr., completed a comprehensive analysis regarding the appropriate hourly fee for Plaintiff's counsel. *McGaffigan v. City of Rochester*, No. 21-6545-FPG, 2023 WL 415098, at *8 (W.D.N.Y. Jan. 26, 2023) (slip copy). *McGaffigan* involved a similar claim, including a *Monell* component, against the City of Rochester and similar co-defendants. At the conclusion of his thorough analysis in *McGaffigan*, Judge Geraci determined that the reasonable rate for Plaintiff's attorney was $350 per hour. *Id.* The Court finds no reason to diverge from Judge Geraci's directly relevant and timely determination, therefore finding that $350 per hour is a reasonable hourly rate for Plaintiff's counsel.

### *The number of hours sought by Plaintiff's counsel for reimbursement is unreasonable.*
#### *A. Time expended on motion papers.*

In addition to evaluating the reasonableness of the hourly rate sought, the Court must also consider whether "the number of hours for which compensation sought is reasonable." *Eisner v. Enhanced Recovery Co., LLC*, No. 17-CV-1240 (LDH) (ST), 2021 WL 3230685, at *5 (E.D.N.Y. June 30, 2021), *report and recommendation adopted as modified*, 2021 WL 3207039 (E.D.N.Y. July 29, 2021) (citation omitted).

The Court notes that Plaintiff did not cite to any case that supports the 11.3 billable hours sought by her.[4] In fact, the court in *Root Bros*, cited by Plaintiff, awarded only $1,020.15 for physical attendance at the cancelled deposition, travel to the deposition, and all related motion practice. *Root Bros.* 2007 WL 2789481 at *8. To that end, the *Root Bros.* award included only $176.25 "for time spent drafting and revising" *the entirety of the submissions to the court*—reflecting .5 hours of the attorney's time. *Id.*

Given the straightforward nature of this motion, the Court finds the number of hours requested by Plaintiff for drafting the motion and reply, 11.3, is not reasonable. The Court determines that 2.5 hours is a reasonable amount of time to prepare the present motion.

### B. *Plaintiff is only entitled to certain attorney's fees incurred in the 24-hours after receiving notice of cancellation.*

Despite Plaintiff's proper identification of the 48 hours' notice threshold for cancellation within this Circuit, (Pl.'s Mem. of Law at 7), Plaintiff only argues that Defendants' cancellation of the depositions with "less than 24-hours' notice" warrants the award sought. (Pl.'s Mem. of Law at 5, 6, 7–8, 13; Pl.'s Reply at 1, 3, 5–6, 8, 9.) Plaintiff bears the burden of substantiating the award. *Hensley*, 461 U.S. at 437. Because Plaintiff only argues for attorney's fees and costs resulting from the cancellation with less than 24 hours' notice, the Court finds that an award of reasonable fees and costs should be awarded only for the one deposition cancelled with less than 24-hours' notice, which was scheduled for 9:30 a.m. on December 20, 2022.[5]

---

[4] Plaintiff requests: .2 hours for drafting letter, 6.2 hours for drafting the original motion, and 4.9 hours for drafting Plaintiff's reply, totaling 11.3 hours.

[5] The deposition scheduled in the afternoon of December 20, 2022, at 12:30 p.m. was cancelled with more than the 24 hours' notice.

### C. *Witness Deposition Preparation*

In the Second Circuit, contemporaneous billing records are a requisite for an award of attorney's fees. *Scott v. City of New York*, 626 F.3d 130, 132 (2d Cir. 2010). Plaintiff requests two hours of "witness deposition preparation," including an unspecified amount of travel time for both witnesses that allegedly occurred on December 13, 2022. (Shield's Decl. at 3; Pl.'s Mem. of Law at 4, 6.) Given that only one of the cancelled depositions is relevant to this analysis, the Court finds that an award of one hour of witness deposition preparation is reasonable.

### D. *Travel Time*

Plaintiff requests six hours for "travel from NYC to Rochester/wasted workday on December 19, 2022." (Pl.'s Mem of Law at 6; Shields's Reply Decl. ¶ 10, Jan. 31, 2023, ECF No. 68; Pl.'s Reply at 4, 8, 10.) Plaintiff justifies this by repeatedly asserting that Plaintiff's counsel "was forced to travel to Rochester" because it "was too late" to change travel plans. (Pl.'s Mem. of Law at 5; Pl.'s Reply at 3, 7.) While Plaintiff demands compensation for costs he did not have to incur, fatally, Plaintiff's counsel concedes that his travel to the district was necessary for attendance at a deposition scheduled for the next day. (Pl.'s Mem. of Law at 9.) Therefore, the Court finds that six hours of travel time is unreasonable because the cost to Plaintiff was necessarily incurred regardless of Defendants' untimely cancellation.

Even if Plaintiff established that the travel time was unnecessarily incurred, the Second Circuit has instructed that "the district court (unfortunately) bears the burden of disciplining the market, stepping into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively." *Arbor Hill*, 522 F.3d at 184. No reasonable paying client would pay six hours at their attorney's full rate to travel to another city for a deposition the attorney knew was cancelled.

Based upon the forgoing, as Plaintiff's travel to Rochester was necessary, the Court finds no award for travel time is appropriate.

*Lodestar Calculation*

The lodestar is the reasonable hourly rate for Plaintiff's counsel multiplied by the reasonable number of hours. *Millea*, 658 F.3d at 166. Above, the Court determined that 2.5 hours is a reasonable number of hours to prepare and file the motion and reply presently before the Court, 1 hour is reasonable for witness deposition preparation, and the reasonable hourly rate for Plaintiff's counsel is $350 per hour. Therefore, the reasonable attorney's fee calculated using the lodestar method is $1,225. The Court does not find "rare and exceptional circumstances" in the instant case to justify a departure from the lodestar calculation. *Perdue*, 559 U.S. at 552.

*Reasonable Expenses*

Turning to expenses sought by Plaintiff, the Court finds Plaintiff's request for "1/3 car rental cost," equaling $135.95, is appropriate and reasonable. Despite Defendants' representation that Plaintiff was able to modify the car reservation within 24-hours of pickup, the rental company's policy clearly indicates Plaintiff would incur a cost equal to one day's rental if he cancelled the reservation. *Cancellation Policy*, TURO.COM, https://turo.com/us/en/policies/cancellation (last visited April 4, 2023) (Free cancellation is available 24 hours before trip start, thereafter, a cancellation results in a fee equal to "one day's average trip price/trip fee combined + half of any delivery fee.") Because Defendants only contest one day of Plaintiff's car rental, it is irrelevant that Plaintiff might have been able to modify the car rental after receiving notice of the cancelled depositions from Defendants because Plaintiff would have nonetheless incurred the one-day fee. Accordingly, the Court finds $135.95 requested by Plaintiff for the car rental to be reasonable.

The Court agrees with Defendants that "gas costs" equaling $69.82 is not reasonable. (Defs.' Mem. of Law at 3 & n.3.) Parroting the analysis of Plaintiff's counsel's request for travel time, Plaintiff's counsel was required to travel to Rochester because his attendance was required the following day for a scheduled deposition. Therefore, the gas cost resulting from Plaintiff's travel to Rochester was not unnecessarily incurred following the untimely cancellation, and, accordingly, the Court finds no award for "gas costs" is appropriate.

## CONCLUSION

Based upon the foregoing, the Court grants in part and denies in part Plaintiff's motion for attorney's fees and costs (ECF No. 62) pursuant Fed. R. Civ. P. 30(g). The Court awards $1,225 in attorney's fees and $135.95 in costs for a total award of $1,360.95.

**SO ORDERED**

_____
MARK. W. PEDERSEN
United States Magistrate Judge

Dated: May 9, 2023
Rochester, New York