# ROTH & ROTH, LLP

192 LEXINGTON AVENUE, SUITE 802, NEW YORK, NEW YORK 10016
ROTHANDROTHLAW.COM T: (212) 425-1020 F: (212) 532-3801

October 19, 2023

<u>**VIA ECF**</u>
Hon. Marian W. Payson
United States Magistrate Judge
100 State Street
Rochester, New York 14614

Hon. Mark W. Pederson
United States Magistrate Judge
100 State Street
Rochester, New York 14614

> Re:   *Dempsey* v. *City Of Rochester, et al.*, 19-cv-6780 (EAW)(MWP)
> *Gursslin* v. *City of Rochester*, 20-cv-6508 (EAW)(MJP)
> *Anniszkiewicz* v. *City of Rochester,* 20-cv-6629 (FPG)(MWP)
> *Cox* v. *City of Rochester,* 22-cv-6207 (FPG)(MJP)

Dear Judge Payson and Judge Pederson:

I write to request a conference with Your Honors regarding two issues related to fact and expert discovery in the above cases.

By way of background, per the January 25, 2023 joint scheduling order, the deadline for fact discovery closed yesterday, October 18, 2023, and the deadline for Plaintiffs to exchange their expert reports is December 15, 2023, the deadline for Defendants to exchange their expert reports is February 16, 2024, and expert discovery is set to close on April 16, 2024.

As detailed further below, Plaintiffs first seek a conference to discuss Defendants' attempts to improperly conduct further fact discovery, including attempts to conduct depositions of fact witnesses without providing notice to the Plaintiffs.

Second, Plaintiffs Charles Dempsey and Erin Gursslin seek a one-month extension of time to serve the expert reports from their psychological expert, because the expert they had both previously retained just informed me that she is dealing with serious medical issues and will not be able to work for the next several months. Plaintiffs have hired a new psychological expert, but she needs additional time to adjust her schedule so she can review records, interview the

1

plaintiffs and draft the reports. Plaintiffs do not believe any of the other deadlines in the January 25, 2023 joint scheduling order would need to be adjusted.

### **<u>Plaintiff's anticipated motion for a protective order regarding defendants' improper attempts to conduct further fact discovery.</u>**

First, Plaintiffs plan to seek a protective order to prevent Defendants from conducting any further fact discovery, including depositions, or using evidence gathered pursuant to improperly served subpoenas. Yesterday, Plaintiff learned that Defendants improperly served a subpoena on Michael Scherbyan, a witness in *Anniszkiewicz*, a copy of which is annexed hereto as Exhibit 1. Defendants never provided notice to Plaintiff that they intended to depose Mr. Scherbyan, in violation of Fed. R. Civ. P. 30(b)(1). Fed. R. Civ. P. 30 ("A party who wants to depose a person by oral questions must give reasonable written notice to every other party."); *JB Aviation, LLC v. R Aviation Charter Servs., LLC*, CV-14-5175 (DRH) (AKT), at *6 (E.D.N.Y. Aug. 23, 2016) ("Courts addressing what constitutes "reasonable notice" have generally determined that 14 days is presumptively reasonable.").

Plaintiff only learned that Mr. Scherbyan had been served with a subpoena after Defendants served supplemental Rule 26 disclosures listing Mr. Scherbyan as a witness they may use to support their defenses. After receiving Defendants supplemental Rule 26 disclosures, I called Mr. Scherbyan, who informed me that he had been served with the subpoena, which purported to schedule his deposition for November 16, 2023 at 9:30 a.m.—or 29 days after the close of fact discovery.

Mr. Scherbyan informed me that after he was served with the subpoena, Ms. Jones called him and told him that he didn't have to appear for his deposition if he instead agreed to sign an affidavit. But if he didn't sign the affidavit, then he would still be required to appear for the deposition on November 16, 2023. She also told him that he could cash the $58 check that was served with the subpoena for the deposition appearance fee.

Defendants never served Plaintiff with a copy of the subpoena or ortherwise provided notice to Plaintiff that they intended to depose Mr. Scherbyan, and never moved for an extension of the fact discovery deadlines. Thus, it was improper for Defendants to serve Mr. Scherbyan with a deposition subpoena that purportedly scheduled his deposition for 29 days after the close of discovery. It was also improper for Defense counsel to inform Mr. Scherbyan that he could cash the $58 check for the deposition appearance fee for a deposition that was not permitted under the scheduling order.

Defendants have known that Mr. Scherbyan was a witness since the June 10, 2018 incident, as he was present at Plaintiff's home when Brian Cala shot and killed her dog, he spoke with RPD officers after the incident, and the officers took down his contact information. Moreover, the conversation between Mr. Scherbyn and the RPD officers was captured on the officers' body worn camera recordings, and Mr. Scherbyan is also referenced in the Complaint. Moreover, Plaintiff Marian Anniszkiewicz disclosed Mr. Scherbyan as a witness on her supplemental Rule 26 disclosures in November 2022. Thus, Defendants have known that Mr. Scherbyan was a witness to the incident and have had his contact information since the day of

the incident, yet they failed to take his deposition or otherwise gather evidence form him. The time to do so has now passed.

For these reasons, Plaintiff plans to move for a protective order to preclude Defendants from deposing Mr. Scherbyan or using any evidence they may have improperly gathered from him.

Defendants also recently informed me that in *Dempsey*, they were making arrangements to conduct the deposition of Charles Dempsey's therapist, Melissa Woodworth, after the close of fact discovery. Specifically, on September 13, 2023, Defendants informed me that they planned to serve Ms. Woodworth with a deposition subpoena noticed for October 11, 2023. I immediately informed Defense counsel that I was unavailable on October 11, 2023, and asked if we could reschedule for October 13, 16 or 18. Defense counsel responded that she could do the deposition on October 18, 2023; however, she apparently still served the subpoena for October 11, 2018 and never attempted to reschedule the deposition until October 16, 2018.

On October 5, 2023, I asked Defense counsel if she ever served Ms. Woodworth with the subpoena and if she planned to proceed with the deposition on October 18, 2023. Defense counsel informed me that she served the subpoena with the date of October 11, 2023, but that she had not heard back from the witness, so "I would have to reach out to her via mail in order to ask her to reschedule."

Thereafter, on October 16, I again emailed Defense counsel to ask whether the deposition of Ms. Woodworth was going to proceed on October 18, 2023. Defense counsel responded that, she had just heard from Ms. Woodworth's lawyer, that the deposition would not proceed on October 18, 2023, and that "[w]e are going to reschedule for a later date."

Again, Plaintiff is confused as to why Defense counsel thinks that she is permitted to conduct the deposition of Ms. Woodworth after the close of fact discovery. Defense counsel has not moved to modify the January 25, 2023 scheduling order; but even if she had, she would not be able to demonstrate good cause for a modification of the fact discovery deadline. Mr. Dempsey disclosed Ms. Woodworth's medical records in April 2021 and listed her on his Rule 26 disclosures in November 2022. Thus, Defendants have had more than two years to depose or otherwise gather evidence from Ms. Woodworth, but chose not to. The time to do so has passed, and Defendants should not be permitted to depose her or gather any other evidence from her in the form of an affidavit or otherwise.

Defense counsel has also informed me that in the *Cox* case, they are continuing to attempt to gather evidence via subpoena. Defense counsel also claimed at the end of Plaintiff's September 18, 2023 deposition that she planned to recall Plaintiff for further questioning after additional paper discovery was collected; I objected at the time and informed Defense counsel that she had no basis to recall Plaintiff for a second deposition. Again, Defense counsel has not made a motion to modify the scheduling order, and cannot demonstrate good cause to do so in any event. Thus, Defendants should be precluded from conducting any further fact discovery in *Cox* as well.

Plaintiff is concerned that in these four cases, Defendants may have served other improper deposition subpoenas, and are otherwise attempting to improperly gather evidence after the close of fact discovery. Thus, Plaintiffs respectfully requests a conference to attempt to resolve these issues without the need for making a protective order to preclude defendants from using evidence gathered in violation of the Rules and/or evidence gathered after the close of fact discovery.

### **Plaintiff's anticipated motion for to modify the joint scheduling order for a one-month extension for Charles Dempsey and Erin Gursslin to serve their expert psychological reports, due to the illness of the previously retained expert.**

Plaintiffs Charles Dempsey and Erin Gursslin request a conference to seek a one-month extension to serve the expert report from their psychological expert. Both Mr. Dempsey and Ms. Gursslin had originally hired Dr. Tricia Peterson, Ph.D., ABPP to serve as their psychological expert. Unfortunately, Dr. Peterson recently informed me that she is dealing with serious medical issues and is unable to work for the next several months, and thus is unable to serve as the psychological expert for Mr. Dempsey and Ms. Gursslin at this time.

Plaintiffs Charles Dempsey and Erin Gursslin have hired a new psychological expert, but the new expert had to adjust her already very busy schedule and needs additional time to review the records, interview the plaintiffs, and draft her reports. Thus, Plaintiffs Charles Dempsey and Erin Gursslin seek a one-month extension of time to serve their expert reports from the new psychological expert, from December 15, 2023 to January 15, 2024.

Plaintiffs are not seeking an extension of time for service of any of the other expert reports in these cases and do not believe any of the other deadlines need to be adjusted. If Plaintiffs Charles Dempsey and Erin Gursslin serve their expert psychological reports by January 15, 2024, that still provides defendants with one month to provide their expert reports, which are not due until February 16, 2024.

For these reasons, Plaintiff respectfully request a conference to attempt to resolve these issues without needing to file formal motions. If Your Honors require any additional information, please do not hesitate to have your clerks contact me.

Respectfully submitted,

Elliot Shields

CC: all counsel of record (via ECF)