Exhibit W

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ERIN GURSSLIN,

                                        Plaintiff,

              -against-                          20-cv-6508 (EAW)(MJP)

THE CITY OF ROCHESTER, a municipal
entity, POLICE OFFICER JEREMY NELLIST,
POLICE   OFFICER   JOSHUA   KELLY,
COMMANDER   FABIAN   RIVERA,
LIEUTENANT AARON SPRINGER,

                                        Defendants.

### PLAINTIFF'S SECOND SUPPLEMENTAL INITIAL DISCLOSURES TO DEFENDANTS

Plaintiff, Erin Gursslin, by and through her attorneys, Roth & Roth, LLP, as and for her required responses under the automatic disclosure provisions of Federal Rules of Civil Procedure 26(a), state:

(1)     The name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identifying the subjects of the information;

**PLAINTIFFS' RESPONSE**

Information regarding individuals who may have knowledge of the events set forth in the complaint may be obtained from:

Incident and Damages Witnesses:
Peter Reininger (downstairs neighbor)
Subject of discoverable information: was home at the time of the shooting incident, and was a witness to the events immediately after the shooting. Also a damages witness to how the incident caused Plaintiff emotional and psychological damages.
Last Known Address: 1747 St. Paul Street, Rochester, New York, downstairs apartment (apartment below plaintiff)
Last known telephone number currently unknown or unavailable.

Taylor Garlock (downstairs neighbor)
Subject of discoverable information: was home at the time of the shooting incident, and was a witness to the events immediately after the shooting. Also a

1

damages witness to how the incident caused Plaintiff emotional and psychological damages.
Last Known Address: 1747 St. Paul Street, Rochester, New York, downstairs apartment (apartment below plaintiff)
Last known telephone number currently unknown or unavailable.

Gail Daitz (mother)
Subject of discoverable information: plaintiff's damages and how the incident caused Plaintiff emotional and psychological distress.
Last Known Address: 27 Rippingale Drive, Pittsford NY 14534

Todd Gursslin (brother)
Subject of discoverable information: plaintiff's damages and how the incident caused Plaintiff emotional and psychological distress.
Last Known Address: 625 Shelford road #2, Rochester NY 14609

Marsha Reed, LMHC
Jessica Montalbano, LMFT
Kaitlyn O'Malley, LMHC
Subject of discoverable information: all of the treatment and care provided to Plaintiff, her diagnoses (including PTSD), the effect of the incident on plaintiff's mental health, and all of the information contained in the treatment records, Bates No. Gursslin 891-967.
Last Known Address: East Ridge Road Behavioral Health, 490 East Ridge Rd., Rochester, NY 14621

Lauren Squiers, LMHC
Subject of discoverable information: all of the treatment and care that she provided to Plaintiff, her diagnoses (including PTSD), the effect of the incident on plaintiff's mental health, and all of the information contained in the treatment records, Bates No. Gursslin 854-938.
Last Known Address: East Ridge Road Behavioral Health, 490 East Ridge Rd., Rochester, NY 14621

Kelsey Cretekos, LMHC
Subject of discoverable information: all of the treatment and care that she provided to Plaintiff, her diagnoses, the effect of the incident on plaintiff's mental health, and all of the information contained in the treatment records, Bates No. Gursslin 891-967.
Last Known Address: East Ridge Road Behavioral Health, 490 East Ridge Rd., Rochester, NY 14621

*Monell* Witnesses:

Lieutenant Peter Nigrelli, Buffalo Police Department.

Subject of discoverable information: the training implemented by the Buffalo Police Department regarding how to safely interact with dogs, and the drastic and immediate reduction of the number of dogs shot by police in Buffalo as a result of the training. Also, all other information discussed at his deposition in this case on November 1, 2022, and any subsequent deposition or information disclosed pursuant to any further discovery requests.
Last Known Address: Buffalo Police Department, B-District, 695 Main St, Buffalo, NY 14203

Charles Dempsey
Subject of discoverable information: the October 19, 2018 incident where his dog, Tesla, was shot and killed directly in front of him by RPD officer Javier Algarin, after Algarin unlawfully entered his yard, as detailed in the lawsuit known as *Dempsey et ano v. City of Rochester, et al.,* 19-cv-6780 (EAW) (MWP).
Last Known Address: contact through the undersigned counsel

Cheryl Cox
Subject of discoverable information: the February 10, 2021 incident where her dog, Taz, was shot and killed directly in front of her by RPD officer Dakota Vanbrederode, as detailed in the lawsuit known as *Cox v. City of Rochester, et al*, 22-cv-6207 (FPG).
Last Known Address: contact through the undersigned counsel

Marianne Anniszkiewicz
Subject of discoverable information: the June 10, 2018 incident where her dog, Sampson, was shot and killed by RPD officer Brian Cala, as detailed in the lawsuit known as *Anniszkiewicz v. City of Rochester, et al*, 20-cv-6629 (FPG)(MWP)
Last Known Address: contact through the undersigned counsel

Tina Cabisca
Subject of discoverable information: the September 7, 2013 incident where her dog, Sampson, was shot and killed by RPD Investigator Nolan Wengert, as detailed in the lawsuit known as *Cabisca v. Hogg et ano*., 14-cv-6485 (MJP).
Last Known Address: contact through the undersigned counsel

Alexandria Barnes
Subject of discoverable information: the February 1, 2020 incident where her dog, Diesel, was shot and killed by RPD Officer Whitney Celenato.
Last Known Address: contact through the undersigned counsel

Alexandria Barnes
Subject of discoverable information: the February 1, 2020 incident where her dog, Diesel, was shot and killed by RPD Officer Whitney Celenato. CR # 2020-00023354.

3

Last Known Address: contact through the undersigned counsel

Victoria Preston:
Subject of discoverable information: witness to the February 14, 2020 incident where police officer Mitchell Leach shot and killed her dog on February 14, 2020, inside of her apartment while she was holding her baby. CR # 2020-00032660
Last known address: 1100 Norton Street, Rear, Rochester, NY.

Reginald Mcgill
Subject of discoverable information: witness to incident where police officer Trevor Jones shot and his dog on August 2, 2021. CR # 2021-000167110
Last known address: 629 Jay Street, Rochester, NY.

Terry Cordae
Subject of discoverable information: the April 23, 2020 incident where RPD Officer Whitney Celenato shot his dog owned at 113 Winterroth Street, Rochester, New York, CR # 2020-00082217.
Last known address: 142 Strong Street, Rochester, NY.

Mia Gandia
Subject of discoverable information: the April 23, 2020 incident where RPD Officer Whitney Celenato shot a dog at her home at 113 Winterroth Street, Rochester, New York, CR # 2020-00082217.
Last known address: 113 Winterroth Street, Rochester, New York.

Javier Algarin
Subject of discoverable information: lack of training in the Rochester Police Department regarding the legal requirements to enter the curtilage of a residential property; lack of training regarding safely interacting with pet dogs encountered on residential property. Also the October 19, 2018 incident he shot and killed Tesla after unlawfully entering Charles Dempsey's back yard, as detailed in the lawsuit known as *Dempsey et ano v. City of Rochester, et al.,* 19-cv-6780 (EAW) (MWP).

James Breen
Subject of discoverable information: lack of training in the Rochester Police Department regarding the legal requirements to enter the curtilage of a residential property; lack of training regarding safely interacting with pet dogs encountered on residential property. Lack of supervision and discipline following multiple dog shooting incidents: CR Nos. 2018-00175299 and 2018-00175299.

Brian Cala:
Subject of discoverable information: lack of training in the Rochester Police Department regarding the legal requirements to enter the curtilage of a residential property; lack of training regarding safely interacting with pet dogs encountered

4

on residential property. Lack of supervision and discipline following four dog shooting incidents, including the June 10, 2018 incident he shot and killed Sampson, as detailed in the lawsuit known as *Anniszkiewicz v. City of Rochester, et al*, 20-cv-6629 (FPG)(MWP)
Last Known Address

Whitney Celenato:
Subject of discoverable information: lack of training in the Rochester Police Department regarding the legal requirements to enter the curtilage of a residential property; lack of training regarding safely interacting with pet dogs encountered on residential property. Lack of supervision and discipline following multiple dog shooting incidents, including the February 1, 2020 incident where she shot and killed Diesel, CR # 2020-00023354, and the April 23, 2020 incident where she shot the dog owned by Terry Cordae at 113 Winterroth Street, Rochester, New York, CR # 2020-00082217.

Trevor Jones:
Subject of discoverable information: lack of training in the Rochester Police Department regarding the legal requirements to enter the curtilage of a residential property; lack of training regarding safely interacting with pet dogs encountered on residential property. Lack of supervision and discipline following multiple dog shooting incidents, including the August 2, 2021 incident where he shot and killed Reginald Mcgill's dog at 629 Jay Street, Rochester, NY, see CR # 2021-000167110.

Jonathan Laureano:
Subject of discoverable information: lack of training in the Rochester Police Department regarding the legal requirements to enter the curtilage of a residential property; lack of training regarding safely interacting with pet dogs encountered on residential property. Lack of supervision and discipline following multiple dog shooting incidents, including CR Nos. 2015-00075296, 2020-00151628, and 2021-00189988.

Mitchell Leach:
Subject of discoverable information: lack of training in the Rochester Police Department regarding the legal requirements to enter the curtilage of a residential property; lack of training regarding safely interacting with pet dogs encountered on residential property. Lack of supervision and discipline following multiple dog shooting incidents.

Joseph Perrone:
Subject of discoverable information: lack of training in the Rochester Police Department regarding the legal requirements to enter the curtilage of a residential property; lack of training regarding safely interacting with pet dogs encountered on residential property. Lack of supervision and discipline following four dog

shooting incidents, including the incident at issue in the lawsuit known as *Strong v. City of Rochester et al.*, 17-cv-6183 (FPG).

Every person who was a witness and/or provided testimony in the following cases: *Dempsey* v. *City Of Rochester, et al.*, 19-cv-6780 (EAW)(MWP); *Gursslin v. City of Rochester, et al.*, 20-cv-6508 (EAW)(MJP); *Anniszkiewicz v. City et al.*, 20-cv-6629 (FPG)(MWP); *Cox* v. *City of Rochester, et al*, 22-cv-6207; *McGill* v. *City of Rochester*, 22-cv-6523 (EAW)(MWP);*Barnes* v. *City of Rochester*, 22-cv-6524 (EAW)(MWP); *Preston* v. *City of Rochester*, 22-cv-6525 (EAW)(MWP); *Strong v. City of Rochester et al.*, 17-cv-6183 (FPG); and *Cabisca v. City of Rochester*, 14-cv-6485 (MJP)

Michael Ciulla, the 30(b)(6) witness the City produced for deposition in this case, and/or *Anniszkiewicz v. City of Rochester, et al*, 20-cv-6629 (FPG)(MWP), *Dempsey et ano v. City of Rochester, et al.,* 19-cv-6780 (EAW) (MWP), *Cox v. City of Rochester, et al*, 22-cv-6207 (FPG).

In addition, Plaintiff incorporates by reference all those persons both named and unnamed in the Complaint, all persons listed by defendants in their Rule 26 disclosures, the documents described below, and the documents submitted by the defendants pursuant to their disclosure requirements and in response to Plaintiff's discovery demands.

_____

(2)    A copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed facts alleged with particularity in the pleadings;

**PLAINTIFFS' RESPONSE**

a. Plaintiff is in possession of the following categories of documents that support her claims:

i.    All documents exchanged in discovery in this case by either party.

ii.    All documents exchanged in discovery in *Anniszkiewicz v. City of Rochester, et al*, 20-cv-6629 (FPG)(MWP), and any deposition and trial transcripts from that case.

iii.    All documents exchanged in discovery in *Dempsey et ano v. City of Rochester, et al.,* 19-cv-6780 (EAW) (MWP), and all deposition and trial transcripts from that case.

iv.    *Cox v. City of Rochester, et al*, 22-cv-6207 (FPG), and any deposition and trial transcripts from that case.

v.    All documents exchanged in discovery in *Strong v. City of Rochester et al.*, 17-cv-6183 (FPG), and deposition transcripts in that case.

> vi. All documents exchanged in discovery in *Cabisca v. Hogg et ano.*, 14-cv-6485 (MJP), including deposition and trial transcripts from that case.
>
> vii. Numerous RPD documents and incident reports from various RPD dog shooting incidents;
>
> viii. Various policy and training documents published by the Department of Justice and other government agencies, police organizations, and the Humane Society of Greater Rochester regarding law enforcement encounters with dogs;
>
> ix. Various RPD policies and procedures, including General Orders 101, 200, 340, 415, and 630, and other RPD documents, including the Standard Operating Procedures Manual for the RPD's SWAT team.
>
> x. Deposition and trial testimony from *Cabisca v. City of Rochester*, 14-cv-6485 (MJP);
>
> xi. All documents exchanged in discovery in the following cases by any party: *Dempsey* v. *City Of Rochester, et al.*, 19-cv-6780 (EAW)(MWP); *Gursslin v. City of Rochester, et al.*, 20-cv-6508 (EAW)(MJP); *Anniszkiewicz v. City et al.,* 20-cv-6629 (FPG)(MWP); *Cox* v. *City of Rochester, et al*, 22-cv-6207; *McGill* v. *City of Rochester*, 22-cv-6523 (EAW)(MWP);*Barnes* v. *City of Rochester*, 22-cv-6524 (EAW)(MWP); *Preston* v. *City of Rochester*, 22-cv-6525 (EAW)(MWP); *Strong v. City of Rochester et al.*, 17-cv-6183 (FPG); and *Cabisca v. City of Rochester*, 14-cv-6485 (MJP).

On information and belief, Plaintiff is not in possession of any other documents, data compilations or tangible things responsive to this request at this time. Upon information and belief, additional documents, data compilations or tangible things responsive to this request are in the sole custody and control of defendants. Plaintiff will supplement this response as further responsive materials, if any, are ascertained.

_____

(3)    A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered;

**PLAINTIFFS' RESPONSE**

A.    Emotional Pain and Suffering of a past, present and future nature in an

amount to be determined by a jury as fair and reasonable;

B.      Severe and Permanent Psychological injuries and exacerbation of preexisting psychiatric condition, in an amount to be determined by a jury as fair and reasonable;

C.      Loss of Enjoyment of Life of a past, present and future nature in an amount to be determined by a jury as fair and reasonable;

D.      Attorney's fees pursuant to 42 U.S.C. § 1988;

E.      Punitive damages against the applicable Defendants in an amount to be determine by a jury as fair and reasonable;

F.      Pre- and Post-Judgment Interest;

G.      A declaratory judgment and injunctive relief holding that the policies, practices or customs of the Rochester Police Department and the Individual Defendants complained of herein are illegal and unconstitutional;

H.      All such further relief, both general and specific, to which Plaintiff may be entitled.

_____

(4)      For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**PLAINTIFFS' RESPONSE**

Not Applicable

Dated: New York, New York
        October 18, 2023

ROTH & ROTH LLP

By: _____~//s//~_____
        Elliot Dolby Shields, Esq.
        *Counsel for Plaintiff*

8

192 Lexington Ave,
Suite 802 New York,
New York 10016 Ph:
(212) 425-1020


To:   Peachie Jones
      City of Rochester Law Department
      *Attorneys for Defendants*
      City Hall Room 400A
      30 Church Street
      Rochester, New York 14614