Exhibit X

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
ERIN GURSSLIN,

        Plaintiff,

                Case No.  20-cv-6508(EAW)(MJP)

v.

THE CITY OF ROCHESTER, a municipal entity, POLICE
OFFICER JEREMY NELLIST, POLICE OFFICER JOSHUA
KELLY, COMMANDER FABIAN RIVERA, LIEUTENANT AARON
SPRINGER,

        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


  Remote Deposition Upon Oral Examination Of:

              James W. Crosby, PhD




Date:           June 18, 2024

Time:           10:00 a.m.




Reported By:  CHRISTINE VIGNA

             Alliance Court Reporting, Inc.

             109 South Union Street, Suite 400

             Rochester, New York 14607



**ALLIANCE**
COURT REPORTING, INC.
*Videography · Remote · Deposition Suites*
www.alliancecourtreporting.net · 585.546.4920

A P P E A R A N C E S

Appearing Remotely on Behalf of Plaintiff:

Elliot D. Shields, Esq.

    Roth & Roth LLP

    192 Lexington Avenue, Suite 802

    New York, New York  10016

    eshields@rothandrothlaw.com

Appearing Remotely on Behalf of Defendants:

Peachie L. Jones, Esq.

    City of Rochester Law Department

    City Hall, Room 400A

    30 Church Street

    Rochester, New York  14614

    peachie.jones@cityofrochester.gov

               *     *     *



ALLIANCE
COURT REPORTING, INC.
Videography · Remote · Deposition Suites
www.alliancecourtreporting.net · 585.546.4920

S T I P U L A T I O N S

TUESDAY, JUNE 18, 2024;

(Proceedings in the above-titled matter commencing at 10:09 a.m.)

*     *     *

IT IS HEREBY STIPULATED by and between the attorneys for the respective parties that this deposition may be taken by the Defendant at this time pursuant to notice;

IT IS FURTHER STIPULATED, that all objections except as to the form of the questions and responsiveness of the answers, be reserved until the time of the trial;

IT IS FURTHER STIPULATED, that pursuant to Federal Rules of Civil Procedure 30(e)(1) the witness requests to review the transcript and make any corrections to same before any Notary Public;

IT IS FURTHER STIPULATED, that if the original deposition has not been duly signed by the witness and returned to the attorney taking the deposition by the time



S T I P U L A T I O N S

of trial or any hearing in this cause, a certified transcript of the deposition may be used as though it were the original;

IT IS FURTHER STIPULATED, that the attorneys for the parties are individually responsible for their certified transcript charge, including any expedite or other related production charges;

AND IT IS FURTHER STIPULATED, that the Notary Public, CHRISTINE VIGNA, may administer the oath to the witness.

*      *      *

THE COURT REPORTER:  Will the attorneys participating in this matter acknowledge that I am not physically present with the witness and that I will be stenographically reporting this from a remote location;

And will you also verify that the witness is, in fact, James W. Crosby, PhD;

In addition will you stipulate that in lieu of an oath administered in person, I will administer the oath remotely under penalty of perjury to the witness



ALLIANCE
COURT REPORTING, INC.
Videography · Remote · Deposition Suites
www.alliancecourtreporting.net · 585.546.4920

5

JAMES W. CROSBY, PHD - BY MS. JONES

regardless of the witness' location;

And finally, that there will be no objection to the admissibility of this transcript based on proceeding in this way starting with counsel for the plaintiff?

MR. SHIELDS:  Yes.  So stipulated.

MS. JONES:  Yes.  Defendant also stipulates.

MR. SHIELDS:  I have no follow-up questions from last time, so you can go ahead, Peachie.

MS. JONES:  Okay.  Great.

JAMES W. CROSBY, PHD,

called herein as a witness, first being sworn, testified as follows:

EXAMINATION BY MS. JONES:

Q.    Mr. Crosby, again my name is Peachie Jones.  Just to remind you from last time around, will you please wait until I finish my question before you answer?

A.    Yes.

Q.    Will you tell me if you don't understand my question?

A.    Yes.



ALLIANCE
COURT REPORTING, INC.
Videography · Remote · Deposition Suites
www.alliancecourtreporting.net · 585.546.4920

JAMES W. CROSBY, PHD - BY MS. JONES

provided in discovery are the only photographs that I used to develop my opinions as stated in the report and my opinions to this day.  And the fact that there is a brown door somewhere on the house with a window next to it, I was simply trying to accommodate your question as to what the back of the house looked like.  I haven't been there.

Q.   So did you rely on anything else besides Ms. Gursslin's testimony that she went in the house and turned on the lights in forming your opinion that the officers should have noticed there were lights on in the house?

MR. SHIELDS:  Objection.

A.   Other than my experience with walking into the yards of homes when it's dark out or walking by homes or my own home, you know, at dark when people turn lights on.  Other than that, my basis for that conclusion was Ms. Gursslin's testimony.

Q.   So do you know if there were any other rear-facing windows -- so at the time of writing the report, did you know if there were rear-facing windows on Ms. Gursslin's house?

A.   No idea.



ALLIANCE
COURT REPORTING, INC.
Videography · Remote · Deposition Suites
www.alliancecourtreporting.net · 585.546.4920