UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ERIN GURSSLIN

        Plaintiff,

      v.

CITY OF ROCHESTER, *et al.*,

        Defendants.

**PRETRIAL ORDER**

**20-CV-6508 MJP**

---

The parties have consented to magistrate judge jurisdiction. This order will control the conduct of the trial in the above-captioned case.

I.    SETTLEMENT.

    A.    If the parties resolve this case by settlement they must immediately notify the Court by a joint filing on the docket and by email to

    pedersen@nywd.uscourts.gov and holland@nywd.uscourts.gov

II.    TRIAL SCHEDULE

    A.    Counsels' schedule may differ from the jury's. The Court has scheduled a jury trial to commence on April 13, 2026, at 8:30 a.m. at the United States Courthouse, 100 State Street, Rochester, N.Y., 14614. The Court may need counsel to stay later than the noted times for trial motions. The Court anticipates that this trial will last approximately 10 days.

    B.    On April 13, 2026, proceedings will begin at 8:30 a.m. and will continue until 4:30 p.m.

1

C.    On April 14, 2026, through April 17, 2026, proceedings will begin at 9:00 a.m. and will continue until 4:30 p.m.

D.    On April 20, 2026, through April 24, 2026, proceedings will begin at 9:00 a.m. and continue until 4:30 p.m.

## III.    PRETRIAL SUBMISSIONS

A.    Pretrial submissions generally. All pretrial submissions, except for those the Court has given a different deadline in this Order, are due no later than March 2, 2026.

B.    *Voir dire* preparation. The Court will conduct *voir dire*. The parties may submit a list of proposed questions they wish the Court to ask the panel. Failure to do so constitutes a waiver of any requests by that party. In addition, all parties must submit each of the following items:

1.    **Counsel's information:** The name, firm name, and business address of all attorneys trying this case, and the names of any assistants or paralegals who will be in Court at the party's table.

2.    **Client information.** The full name and address of each client, including the name of any corporate representative who intends to appear at trial.

3.    **Witness information.** The Court requires both parties to provide a list of prospective witnesses. Witnesses whose testimony the parties intend to introduce through depositions should be listed and identified as "deposition witnesses." **The Court may preclude the use of any witness not**

**identified on the witness list.** For proper identification to the jury, the parties' witness lists **must** include the following:

a)    The full name of the witness;

b)    The occupational association of the witness (*e.g.,* FBI, medical director, bank teller);

c)    The address of the witness (city and state are sufficient); and

d)    A brief statement of the general subject matter the witness will cover (*e.g.,* John Doe, chemist who analyzed drugs; Mary Smith, medical director of employee's hospital).

e)    AO Form 187 may be used (https://www.uscourts.gov/forms/other-forms/exhibit-and-witness-list).

4.    **Statement of the case.** The parties must provide a joint and concise statement of the case for the Court to use with the jury.

C.    **Exhibits and exhibit lists.**

1.    Each party must prepare an exhibit list containing the exhibits that the party anticipates introducing during its case-in-chief. Exhibits that will be used during cross-examination for impeachment, to refresh a witness's recollection, or otherwise, must also be included in the exhibit lists. **Except for extraordinary cause**, the Court will not allow the introduction into evidence of exhibits not listed on the exhibit lists and made part of the exhibit books.

2.      All exhibits shall be denominated by number. Plaintiff shall use numbers 1 through 499, and Defendant shall use numbers 500 through 999. Each exhibit must be physically tagged with the appropriate colored sticker (pink or red for Plaintiff, blue for Defendant), and each exhibit must be physically numbered prior to the commencement of trial.

3.      At the final pretrial conference, the parties must provide the Court and the opposing party/parties with an exhibit book containing copies of the exhibits. This book should consist of a three-ring binder with tabs for each exhibit.

4.      All charts not intended to be offered into evidence, other demonstrative evidence, or items of physical evidence, must be made available for examination in Rochester or some other mutually agreeable place at least two business days before they are presented at trial or displayed to the jury.

5.      The parties are directed to identify those exhibits as to which admissibility will not be contested, and those that will be stipulated into evidence. Finally, the parties shall also specify those exhibits to which they will object solely on the ground of relevance. These issues will be discussed at the pretrial conference. **Note: Notwithstanding any agreements reached, all exhibits (including joint exhibits) must be formally moved into evidence at the appropriate time during trial.** The parties should be prepared to discuss stipulating exhibits into evidence at the final pretrial conference.

6.     AO Form 187 may be used (https://www.uscourts.gov/forms/other-forms/exhibit-and-witness-list).

D.     **Expert testimony.**

1.     The parties must file a summary of the qualifications of all expert witnesses, and a concise statement of each expert's expected opinion testimony and the material upon which that testimony is expected to be based.

2.     The parties must comply with all expert disclosure requirements and deposition rules found in Fed. R. Civ. P. 26(a)(2) & (b)(4), and as ordered by the Court. The testimony of experts will be limited to the opinions and the grounds for each opinion set forth in the expert's report and any supplemental disclosure. Failure to comply may result in preclusion of the testimony.

E.     **Deposition testimony.**

1.     The parties must file an itemized list of deposition testimony (with page and line references) that they intend to use in their case-in-chief. The parties should attempt to reconcile and resolve any disputes as to admissibility **before** the final pretrial conference.

2.     **No later than March 16, 2026,** any party objecting to the use of deposition testimony must file such objection, setting forth the basis for the objection, supporting authority, and a copy of the transcript of the objectionable testimony. **If no objections are filed, the party will be deemed to have waived any objections to the proffered deposition testimony.**

F.      **Undisputed facts and stipulations.**

     1.     The parties should be prepared to report at the final pretrial conference concerning any agreements as to stipulations of fact and stipulations as to testimony and evidence. The Court expects the parties to work in good faith toward an agreement on this issue. It is especially troubling to force custodians of business records and chain-of-custody witnesses to appear. Proposed stipulations do not have to be filed with the Court as part of the pretrial submissions.

G.      **Legal and evidentiary issues and motions *in limine*.**

     1.     The parties have an obligation to advise the Court, as soon as possible, of any significant issues of law involved in the case, and any unusual questions related to the admissibility of evidence, trial procedure, or substantive issues. Surprises and gamesmanship have no place in a trial and benefit neither side. It is in the parties' interest that the Court be aware of potential problems so that careful consideration can be given to the parties' respective positions.

     2.     Some issues cannot be anticipated, but many evidentiary issues can. Examples include: objections to the admissibility of evidence based on Fed. R. Civ. P. 37; the potential of witnesses to assert testimonial privileges; impeachment of any witness by evidence of his/her character or specific instances of conduct, under Fed. R. Evid. 608, or by evidence of prior conviction, under Fed. R. Evid. 609; the admissibility of other crimes, wrongs, or acts to prove intent and motive, etc. under Fed. R. Evid. 404(b);

authentication of tapes and voice identification; hearsay problems; prior

inconsistent statements; and objections to expert testimony.

3.    **No later than March 2, 2025,** the parties must file any motions *in*

*limine* concerning potential legal or evidentiary issues, or procedural

problems that may arise during the trial. **Any responding papers must be**

**filed no later than March 16, 2026.**

4.    **All motions *in limine* must be accompanied by a memorandum of**

**law that includes citations to relevant case law**. The Court intends to

address any motions *in limine* at the final pretrial conference.

H.    **Statement of claims to be pursued at trial.**

1.    Any party asserting a claim (*e.g.,* plaintiff, counterclaimant) must

file a statement concerning a list of the specific claims and causes of action

to be pursued at trial. This list should include the name or type of claim,

and a specific reference to the part of the pleading in which it was alleged

(*e.g.,* Title VII race discrimination, as alleged in the third claim of

plaintiff's complaint; breach of contract, as alleged in the first counterclaim

of defendant's answer; common law indemnification, as alleged in the first

claim of third-party plaintiff's third-party complaint).

2.    Pleaded claims that will not be pursued at trial, but have not yet

been disposed of by motion or otherwise, must be resolved or dismissed

before trial.

I.    **Damages.**

1.    Plaintiff (or Defendant asserting cross-claims or counterclaims) must file an itemized statement of each element of special damages.

**J.    Instruction material.**

1.    The Court gives standard jury instructions in every civil case, and the parties are not required to file proposed instructions concerning these matters:

    a)    Province of the Court and Jury

    b)    Evidence in the Case

    c)    Direct and Circumstantial Evidence

    d)    Questions are not Evidence

    e)    Jury's Recollection Controls

    f)    Court's Questions to Witnesses

    g)    Burden of Proof

    h)    Preponderance of the Evidence

    i)    Credibility of Witnesses

    j)    Damages Must be Reasonable and not Speculative

    k)    Manner of Deliberations

2.    **No later than March 2, 2026,** Plaintiff must file his proposed jury instructions on the substantive matters raised in the complaint, that is, the law relating to the causes of actions pleaded, including damages.

3.    **No later than March 2, 2026,** Defendant must file his own proposed jury instructions regarding any counterclaim(s), affirmative defense(s), or other issue(s) on which Defendant has the burden of proof.

4.    **Consecutive numbering.** Each jury instruction must be consecutively numbered, and each instruction must be set forth on a separate page. An index or Table of Contents for the instructions must be included. Legal authority or the source for the instruction must be set forth at the end of each instruction. If the instruction comes from a form book (*e.g.,* Sand, *Modern Federal Jury Instructions*; Devitt & Blackmar, *Federal Jury Practice and Instructions*; *New York Pattern Jury Instructions* (PJI)), the party must advise the Court as to whether the instruction, as presented, has been modified from the instruction that appears in the form book.

5.    The parties must file any objections or requested modifications to proposed instructions **at least one week before the final pretrial conference.**

6.    Any other proposed jury instructions from either party, based on events during trial, must be filed as soon as possible.

K.    **Courtesy copies.**

1.    Each party shall provide to the Court a courtesy copy of all pretrial submissions filed under this Order. The Court directs the parties to provide courtesy copies in three-ring binders, and that the parties include tabbing.

2.    An additional courtesy copy of the pretrial submissions required in sections A (*Voir Dire* Preparation) and B (Exhibits and Exhibit Lists) of

this Order must be provided to the **court reporter on the day of the pretrial conference.**

3.      Additionally, each party shall submit by email their proposed *voir dire* questions, exhibit lists, and proposed instructions in Microsoft Word format. Those documents may be sent to the undersigned's Chambers at: pedersen@nywd.uscourts.gov and holland@nywd.uscourts.gov

## IV.  JURY SELECTION

### A.    Applicable rules and procedures.

1.      The parties should be familiar with Fed. R. Civ. P. 48, L. R. Civ. P. 47, and 28 U.S.C. § 1870. A jury of eight persons will be selected. The Court will use the "struck jury system" as described in L. R. Civ. P. 47(e). The Court will allow peremptory challenges as provided in 28 U.S.C. § 1870 and L. R. Civ. P. 47.

2.      Under the struck-jury system, the clerk will select a panel that equals the total of the number of jurors, plus the combined number of peremptory challenges allowed to the parties. *Voir dire* will be conducted of the panel. Jurors on the panel excused for cause will be replaced by new prospective jurors.

3.      **Peremptory challenges.** Once the Court has determined that none of the panel should be dismissed for cause, the parties may exercise their peremptory challenges. Defendant will exercise peremptory challenges first by writing the name and number of the juror on the strike sheet that

will be provided. The strike sheet will then go to the Plaintiff who will

make his own strike by writing the name and number of a juror.

4.      This process will continue until the parties have either exhausted or

waived the allotted number of peremptory challenges. Plaintiff, who has

the burden of proof at trial, will get the last strike. If a party does not

exercise a challenge during a particular round, the party loses only that

peremptory challenge and may make other peremptory challenges in later

rounds against anyone on the panel. The first eight panel members

remaining will constitute the jury.

## V.    TRIAL PROCEDURE

### A.    Notice of witnesses to be called during trial.

1.      At least the evening before each day's session, the parties will advise

the Court of the witnesses expected to be called the following day. The

parties are responsible for having witnesses available as needed. The

parties are expected to cooperate in scheduling witnesses. The Court will

consider requests to take witnesses out-of-turn to accommodate experts

and other non-party witnesses. But the Court makes no guarantees about

this.

2.      Jury time is valuable time and the Court will not tolerate the

squandering of this time with bench conferences and conferences in

chambers concerning matters that could be resolved before the jury is

summoned, during breaks, or in the evening.

3.    **If issues arise, the parties must find time outside of the trial schedule** (*see* Paragraph 2, above). If the Court convenes at 9:00 a.m., for example, it is expected that we will begin proof at that time. If the parties expect problems, or need to see the Court, they must arrange to meet with the Court at a time before the jury is scheduled to arrive or in the evening after the jury has left. **Nothing aggravates jurors more than waiting, without explanation, for long periods of time while the parties resolve matters that could have been resolved sooner.**

4.    The Court may set time limits for opening statements and closing arguments. Each party is responsible for maintaining custody of that party's original exhibits and having them available in court for use during trial.

## VI.    WARNING. THE COURT MAY SANCTION COUNSEL FOR FAILURE TO FOLLOW THIS ORDER.

**SO ORDERED.**

Dated:        July 11, 2025
              Rochester, NY                          _____
                                                     MARK W. PEDERSEN
                                                     United States Magistrate Judge